[No. S109735. May 5, 2005.]

FRANK JULIAN et al., Plaintiffs and Appellants, v.
HARTFORD UNDERWRITERS INSURANCE COMPANY, Defendant and
Respondent.

## COUNSEL

The Law Offices of Kim H. Pearman, Pearman Law Corporation, Kim H. Pearman, Robert L. Pearman and Kenneth R. Nahigian for Plaintiffs and Appellants.

Chipman Miles & Associates, Chipman Miles, Brian B. Miles, Joel M. Westbrook; and Amy Bach for United Policyholders as Amicus Curiae on behalf of Plaintiffs and Appellants.

Gary M. Cohen, Jerry L. Whitfield and Risa Salat-Kolm for California Department of Insurance as Amicus Curiae on behalf of Plaintiffs and Appellants.

Ropers, Majeski, Kohn & Bentley, Todd A. Roberts, Kevin G. McCurdy and Crystal N. Thomas for Defendant and Respondent.

Willoughby, Stuart & Bening, Ronald J. Cook and Bruce M. MacLeod for California State Automobile Association Inter-Insurance Bureau as Amicus Curiae on behalf of Defendant and Respondent.

Capman, Popik & White and Susan M. Popik for Personal Insurance Federation of California as Amicus Curiae on behalf of Defendant and Respondent.

## OPINION

**MORENO, J.**—California Insurance Code section 530[1] provides that "[a]n insurer is liable for a loss of which a peril insured against was the proximate cause, although a peril not contemplated by the contract may have been a remote cause of the loss; but he is not liable for a loss of which the peril insured against was only a remote cause." We have construed section 530 as incorporating into California law the efficient proximate cause doctrine, an interpretive rule for first party insurance. (*Sabella v. Wisler* (1963) 59 Cal.2d 21, 31–33 [27 Cal.Rptr. 689, 377 P.2d 889] (*Sabella*).) Pursuant to the efficient proximate cause doctrine, "When a loss is caused by a combination of a covered and specifically excluded risks, the loss is covered if the covered risk was the efficient proximate cause of the loss," but "the loss is not covered if the covered risk was only a remote cause of the loss, or the excluded risk was the efficient proximate, or predominate cause." (*State Farm Fire & Casualty Co. v. Von Der Lieth* (1991) 54 Cal.3d 1123, 1131–1132 [2 Cal.Rptr.2d 183, 820 P.2d 285].)

This case calls on us to decide whether an insurer may, consistent with section 530 and the efficient proximate cause doctrine, deny coverage for a loss resulting from a rain-induced landslide by invoking, among other exclusions within a form policy, a provision that excludes coverage for losses caused by weather conditions that "contribute in any way with" an excluded cause or event such as a landslide. It is undisputed that losses proximately caused by weather conditions that do not "contribute in any way with" another excluded cause or event are covered under the policy.

Plaintiffs contend that section 530 and the efficient proximate cause doctrine prohibit their insurer from invoking this exclusion where the weather

---

[1] All subsequent statutory references are to the Insurance Code unless otherwise indicated.

condition of rain causes a landslide. We reject this argument as an improper conflation of the covered peril of weather conditions alone with the distinct, excluded peril of a weather condition (rain) that induces a landslide, and hold that the insurer may, consistent with section 530 and the efficient proximate cause doctrine, rely on the exclusion to deny coverage for losses proximately caused by the latter peril. Accordingly, we affirm the judgment in favor of the insurer.

FACTUAL AND PROCEDURAL BACKGROUND

On February 13, 1998, following heavy rains, a slope failed above the West Hills, California home of Frank and Carole Julian. The slope failure led to a landslide. This landslide caused a tree to crash into the Julians' house. Soon thereafter, the Julians presented a claim for the resulting damage to their insurer, Hartford Underwriters Insurance Company (Hartford). The Julians had a standard form homeowners insurance policy with Hartford. This "open peril" policy[2] provided in relevant part, "We [Hartford] insure against risks of direct physical loss to property described in Coverage A [dwelling] and B [other structures] unless the loss is: [¶] 1. excluded under Section I—Exclusions; or [¶] 2. caused by" one of several specifically named perils. The policy also stated, "any ensuing loss to property . . . not excluded or excepted in this policy is covered." The exclusions relevant to this appeal provided as follows:

**"SECTION I—EXCLUSIONS**

"1. We do not insure against loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss: . . . .

"b. **Earth Movement**, meaning earthquake including land shock waves or tremors before, during or after a volcanic eruption; landslide; mudflow; earth sinking, rising or shifting . . . .

"c. **Water Damage** . . . .

"2. We do not insure against loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

---

[2] An "open peril" policy is analogous to an "all-risk" policy, in that it provides coverage for all losses not expressly excluded by the policy. (See *Garvey v. State Farm Fire & Casualty Co.* (1989) 48 Cal.3d 395, 406 [257 Cal.Rptr. 292, 770 P.2d 704] (*Garvey*); Abraham, *Peril and Fortuity in Property and Liability Insurance* (2001) 36 Tort Ins. L.J. 777, 783–784.)

"a. **Weather conditions**. However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph 1. above to produce the loss . . . ."

We will refer to the last clause excerpted above as the "weather conditions clause." Other provisions within the Julians' policy and its amendatory endorsement excluded coverage for losses caused by, among other perils, certain types of freezing, wear and tear, neglect, and acts, errors or omissions in design or construction.

Hartford investigated the Julians' claim. An engineer retained by Hartford concluded that a landslide, triggered by heavy rainfall, brought about the damage to the Julians' house. The engineer surmised that "[w]ater is always the catalyst that causes these types of [slope] failures." Hartford also allowed for the possibility that third party negligence may have played a part in the Julians' loss. Hartford denied coverage for all but a minor part of the damage suffered by the Julians, pointing to the exclusions in the Julians' policy for acts, errors or omissions in design and construction, earth movement, and weather conditions that "contribute in any way with" another excluded cause or event, in this case a landslide, to produce a loss. Regarding the weather conditions clause, the letter Hartford sent to the Julians advising them that coverage had been denied stated, "If it were determined that the damage to your house was caused mainly by prolonged heavy rains—that is, the 'cumulative effect of the recent storms' cited in the engineer's report—the 'weather conditions' exclusion would apply . . . ."

The Julians brought suit against Hartford, charging the insurer with breach of contract, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress. The Julians alleged that the efficient proximate cause of their loss had been third party negligence, weather conditions alone "consisting of sustained rainfall," or collapse not due to flood, and that the policy did not effectively exclude any of these risks. Hartford subsequently moved for summary judgment on the ground that the Julians' policy excluded each of the perils that Hartford identified as the possible efficient proximate causes of the loss—earth movement, third party negligence, and weather conditions that "contribute in any way with" another excluded cause or event, in this case a landslide. In support of its motion for summary judgment, Hartford supplied a declaration from its engineer opining that "the proximate cause of the damage to the Julians' residence and property was a landslide, brought on by heavy rainfall associated with El Nino [*sic*] conditions. The total water necessary for the failure to occur was a result of the cumulative effects of the storms generated by El Nino [*sic*]." In opposing Hartford's motion, the Julians pointed to the engineer's opinion that rain had induced the landslide, and proffered a declaration from a geologist

who opined that negligent lot design and construction, a risk that the Julians claimed was not properly excluded under the policy, had "contributed to" the Julians' loss. The Julians offered no evidence that weather conditions had caused their loss in any way apart from rain's role in triggering the landslide that caused the tree to fall onto their home.

The trial court agreed with Hartford that the policy excluded each of the possible efficient proximate causes of the loss, and granted Hartford summary judgment. Upon the Julians' appeal, the Court of Appeal affirmed. In addition to rejecting the Julians' argument that the policy did not properly exclude the peril of third party negligence, an issue we do not address, the Court of Appeal determined that the weather conditions clause did not violate section 530 or the efficient proximate cause doctrine because, in the Court of Appeal's view, the clause plainly excluded weather conditions, and the limited grant of coverage for losses caused by weather conditions that did not "contribute in any way with" another excluded cause or event did not render the clause invalid or turn it into a coverage provision for all losses caused by weather conditions. In so holding, the Court of Appeal parted ways with another division of the same appellate district, which a year earlier in *Palub v. Hartford Underwriters Ins. Co.* (2001) 92 Cal.App.4th 645, 648 [112 Cal.Rptr.2d 270] (*Palub*)[3] had determined that the weather conditions clause violated section 530 and the efficient proximate cause doctrine. We granted review to resolve this dispute over the validity of the weather conditions clause.

### DISCUSSION

■ The efficient proximate cause doctrine "is neither a California invention nor novel." (Wuerfel & Koop, *"Efficient Proximate Causation" in the Context of Property Insurance Claims* (1998) 65 Def. Couns. J. 400, 401.) In *Sabella, supra,* 59 Cal.2d 21, we held that section 530 incorporated the doctrine into California law as the preferred method for resolving first party insurance disputes involving losses caused by multiple risks or perils, at least one of which is covered by insurance and one of which is not. (59 Cal.2d at pp. 31–33.) The plaintiffs in *Sabella* had procured an "all-risk" homeowners policy endorsement that excluded coverage for loss by settling, cracking, or shrinkage of the foundation. (*Id.* at p. 26.) A sewer pipe located above inadequately compacted fill material broke and leaked, causing the plaintiffs' house to settle unevenly and the foundation and walls to crack. (*Ibid.*) The insurer claimed that the exclusion for settling applied to defeat coverage. (*Id.*

---

[3] The Julians have requested that we take judicial notice of a November 2001 letter submitted to this court by the Attorney General on behalf of the Department of Insurance in connection with the *Palub* proceedings. We grant this request to notice material found in court files. (Evid. Code, § 452, subd. (d).)

at p. 31.) ■ Reversing a judgment in favor of the insurer, we accepted the rule that " '[i]n determining whether a loss is within an exception in a policy, where there is a concurrence of different causes, the efficient cause . . . is the cause to which the loss is to be attributed . . . .' " (*Sabella, supra,* 59 Cal.2d at p. 31.)

In *Garvey, supra,* 48 Cal.3d 395, we explained that in adopting this principle *Sabella* "impliedly recognized that coverage would not exist if the covered risk was simply a *remote* cause of the loss, or if an excluded risk was the efficient proximate (meaning predominant) cause of the loss. On the other hand, the fact that an excluded risk contributed to the loss would not preclude coverage if such a risk was a remote cause of the loss." (*Id.* at pp. 402–403.) *Garvey* clarified that the "efficient proximate cause" of a loss is the predominant, or most important cause of a loss. (*Id.* at p. 403.) By focusing the causal inquiry on the most important cause of a loss, the efficient proximate cause doctrine creates a "workable rule of coverage that provides a fair result within the reasonable expectations of both the insured and the insurer." (*Id.* at p. 404.)

■ Policy exclusions are unenforceable to the extent that they conflict with section 530 and the efficient proximate cause doctrine. (See Civ. Code, § 1667, subd. (2); *Howell v. State Farm Fire & Casualty Co.* (1990) 218 Cal.App.3d 1446, 1452, 1454 [267 Cal.Rptr. 708] (*Howell*); *Gillis v. Sun Ins. Office, Ltd.* (1965) 238 Cal.App.2d 408, 423 [47 Cal.Rptr. 868]; *Sauer v. General Ins. Co.* (1964) 225 Cal.App.2d 275, 279–280 [37 Cal.Rptr. 303].) ■ In *Garvey, supra,* 48 Cal.3d 395, we reaffirmed that an insurer may not preclude application of efficient proximate cause analysis through inconsistent policy language. *Garvey* addressed an all-risk homeowners insurance policy that purported to exclude losses " 'caused by, resulting from, contributed to or aggravated by any earth movement . . . .' " (*Id.* at p. 399.) Application of this language would have defeated coverage if earth movement made even a minor contribution to a loss. An addition to the house owned by the *Garvey* plaintiffs pulled away from the main structure. (*Id.* at p. 400.) Pointing to the earth movement exclusion, the insurer denied coverage for the loss. (*Ibid.*) The plaintiffs countered that the efficient proximate cause was third party negligence, implicitly a covered peril because it was not specifically excluded in their all-risk policy. (*Ibid.*) After addressing the inapplicability of certain third party insurance principles to the first party insurance context and the resulting need to remand ·the action for further proceedings (*id.* at pp. 410–412), *Garvey* held that notwithstanding the insurer's attempt to defeat coverage whenever earth movement played any part in a loss, on remand application of efficient proximate cause analysis would determine whether the policy provided coverage for the loss (*id.* at pp. 412–413). *Garvey* stated, "If the earth movement was the efficient proximate cause of the loss, then coverage would be denied under *Sabella* [citation]. On the other

hand, if negligence was the efficient proximate cause of the loss, then coverage exists under *Sabella.*" (*Ibid.*) We would not have given these instructions, which referred exclusively to the possible efficient proximate causes of the loss, had we deferred to the insurer's attempt to exclude losses that may have been caused efficiently by negligence, but which were contributed to or aggravated by earth movement.

*Howell, supra,* 218 Cal.App.3d 1446, also rejected an insurer's attempt to contract around the efficient proximate cause doctrine. In *Howell,* as here, the plaintiff suffered property damage following a landslide and sought to recover under her "all-risk" homeowners insurance policy. (*Id.* at p. 1449.) The landslide came after heavy rains had weakened a slope already denuded by fire. (*Ibid.*) The policy provided, " 'We do not insure under any coverage for loss (including collapse of an insured building or part of a building) which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: a) the cause of the excluded event; or b) other causes of the loss; or c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss . . . .' The policy then listed 'Earth Movement' and 'Water Damage' as specific perils excluded under this section." (*Id.* at pp. 1449–1450.) Relying on this language, the insurer moved for and received summary judgment (*id.* at p. 1451) even though the plaintiff presented a declaration from a geotechnical expert attesting that if the fire had not occurred, the slope probably would not have failed (*id.* at p. 1459).

The Court of Appeal reversed. (*Howell, supra,* 218 Cal.App.3d at p. 1461.) The majority framed and resolved the issue as follows: "Stated simply, the important question presented by this case is whether a property insurer may contractually exclude coverage when a covered peril is the efficient proximate cause of the loss, but an excluded peril has contributed or was necessary to the loss. We conclude that a property insurer may not limit its liability in this manner, since the statutory and judicial law of this state make the insurer liable whenever a covered peril is the 'efficient proximate cause' of the loss, regardless of other contributing causes. Consequently, the policy exclusions at issue in this case are not enforceable to the extent they conflict with California law." (*Id.* at p. 1452 (maj. opn. of White, P. J.), fn. omitted.) *Howell* reasoned that "if we were to give full effect to the . . . policy language excluding coverage whenever an excluded peril is a contributing or aggravating factor in the loss, we would be giving insurance companies carte blanche to deny coverage in nearly all cases. . . . [¶] . . . Since, in most instances, an insurer can point to some arguably excluded contributing factor, this rule would effectively transform an 'all-risk' policy into a 'no-risk' policy." (*Id.* at pp. 1456–1457, fn. 6.)

In a concurring opinion in *Howell*, Justice Barry-Deal concluded that "the rule in *Sabella* is based on the related ideas that, first, a reasonable insured expects that a loss will be covered if it is proximately caused by a covered peril, even though other remote and excluded causes may concur in producing the loss, and second, to construe the policy to defeat that expectation would be contrary to the purpose of the insurance itself, i.e., provision against economic loss from certain classes of perils." (*Howell, supra*, 218 Cal.App.3d at p. 1466 (conc. opn. of Barry-Deal, J.).) The concurring opinion also concluded that "an insurer may not defeat coverage by discovering a remote and excluded cause somewhere in the chain of causation, even where the policy contains clear language that would support the insurer's interpretation. That finding is based on two related principles applicable to all insurance contracts: first, that 'the policy or its endorsements cannot be so interpreted as to become meaningless, or to withhold coverage which the [layperson] would normally expect from it . . . ,' and second, that ' ". . . [t]he courts will not sanction a construction of the insurer's language that will defeat the very purpose or object of the insurance. [Citations.] . . . ." ' [Citation.]" (*Id.* at pp. 1467–1468.) "At bottom, the rule applied . . . is a recognition that an exclusion based on remote causation, if given routine effect, could render a policy valueless almost at random." (*Id.* at p. 1475 (conc. opn. of Barry-Deal, J.).)

■ *Garvey, supra*, 48 Cal.3d 395, and *Howell, supra*, 218 Cal.App.3d 1446, thus rejected insurers' attempts to contract around the proximate cause doctrine through sweeping language that would have rendered the policies' coverage terms virtually illusory. In both cases, enforcement of the broad prefatory language introducing the excluded peril of earth movement would have allowed the insurer to deny coverage for a loss proximately caused by a covered peril. Consistent with prior case law and section 530, *Garvey* implicitly and *Howell* explicitly held that section 530 and the efficient proximate cause doctrine announce a rule that reasonable insureds consider themselves insured against losses proximately caused by perils covered under a first party insurance policy, regardless of contrary language employed in connection with excluded perils. (*Garvey, supra*, 48 Cal.3d at pp. 412–413; *Howell, supra*, 218 Cal.App.3d at pp. 1452, 1454, 1459.)

■ Although *Garvey* and *Howell* declined to give effect to the overbroad terms in the exclusions before them, both enforced the exclusions to the extent that they applied to losses *proximately* caused by the peril explicitly named therein, earth movement. (*Garvey, supra*, 48 Cal.3d at pp. 412–413; *Howell, supra*, 218 Cal.App.3d at pp. 1452, 1458, 1459.) By enforcing the exclusions to the extent that the specifically identified peril of earth movement was the proximate cause of the plaintiffs' losses, *Garvey* and *Howell* brought about "a fair result within the reasonable expectations of both the insured and the insurer" (*Garvey, supra*, 48 Cal.3d at p. 404) consistent with

our statutory mandate to interpret contracts in such a manner as will make them "lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties" (Civ. Code, § 1643) and to "give effect to every part" of a contract (*id.*, § 1641; *Sutton v. Farmers Ins. Exchange* (1995) 35 Cal.App.4th 1800, 1804 [42 Cal.Rptr.2d 191]; *Barrett v. Farmers Ins. Group* (1985) 174 Cal.App.3d 747, 750–751 [220 Cal.Rptr. 135]).

Returning to the weather conditions clause, we note that this is not the first time insurers and insureds have disputed whether the clause is consistent with the efficient proximate cause rule. In *Findlay v. United Pacific Ins. Co.* (1996) 129 Wn.2d 368 [917 P.2d 116] (*Findlay*) the Washington Supreme Court determined that the weather conditions clause did not violate the doctrine. Washington, like California, has adopted the efficient proximate cause rule for first party insurance and applied the doctrine to override contrary policy language. (See *Safeco Ins. Co. of Amer. v. Hirschmann* (1989) 112 Wn.2d 621, 625–629 [773 P.2d 413]; *Villella v. Public Employees Mut. Ins. Co.* (1986) 106 Wn.2d 806, 814–819 [725 P.2d 957]; *Graham v. Public Employees Mut. Ins. Co.* (1983) 98 Wn.2d 533, 538 [656 P.2d 1077].) *Findlay*, like this case, involved a landslide caused by weather. (*Findlay, supra,* 129 Wn.2d at p. 370.) The insurer denied coverage, invoking a weather conditions clause substantively identical to the one involved here. (*Id.* at p. 371.) *Findlay* affirmed the trial court's grant of summary judgment in favor of the insurer. (*Id.* at p. 372.) *Findlay* distinguished earlier decisions finding overbroad policy language to be inconsistent with the efficient proximate cause doctrine, holding, "This is not a case where the efficient proximate cause rule is being circumvented by disallowing coverage any time an excluded event occurs in the chain of causation, even when the triggering cause of the loss is a covered risk. In this case, the proximate cause of the loss was a named, excluded peril. Weather conditions are specifically excluded whenever they combine with earth movement to cause a loss. The policy is unambiguous as to what was covered and what was excluded from coverage." (*Id.* at pp. 375–376.)

*Palub, supra,* 92 Cal.App.4th 645, disagreed with *Findlay*, criticizing that decision as having elevated "form over substance." (*Id.* at p. 651.) *Palub* also involved damage resulting from a landslide. The insurer denied coverage, citing the weather conditions clause. (*Id.* at p. 648.) The trial court agreed that the policy excluded each of the relevant perils. (*Ibid.*) The Court of Appeal in *Palub* reversed, finding that "the policy covers loss caused by weather conditions and that the policy provision which seeks to exclude loss caused by weather in combination with an uncovered cause of loss violates Insurance Code section 530." (*Ibid.*) *Palub* held: "On a careful reading of this clause, it is apparent that despite the title of the section, weather conditions are not an excluded cause of loss. To the contrary, under the terms of the purported exclusion, loss caused by weather conditions *is* covered, so that Hartford

would be clearly obligated to pay if appellants' house had been damaged by rain or wind. What the 'exclusion' seeks to do is to exclude loss caused by a combination of weather conditions and an excluded cause of loss such as earth movement. To the extent that the 'exclusion' would exclude loss *proximately* caused by weather conditions, it violates Insurance Code section 530 and the long-standing principle that a property insurer is liable whenever a covered risk is the proximate cause of a loss, and is unenforceable." (92 Cal.App.4th at p. 650.)

Finally, the Court of Appeal below took issue with *Palub*'s reasoning and result. The Court of Appeal perceived the weather conditions clause as an exclusion (for all loses caused by weather conditions) containing an exception (restoring coverage for losses caused by weather conditions as to which a cross-referenced peril did not "contribute in any way"). The Court of Appeal held that "[t]he fact that the exclusion contained an exception did not transform it into a coverage provision" for *all* losses caused by weather conditions. It continued, "We believe *Palub* gives insufficient weight to the rule that a provision in the exclusions section of a policy does not create coverage, and an exception to an exclusion merely restores coverage where it would otherwise not exist. [Citations.] Moreover, characterizing the weather conditions provision as an exclusion does not provide an insurer the means to deny a claim because some excluded peril contributed to a loss in a small way, the problem the efficient proximate cause doctrine is designed to forestall. [Citation.]"

The Julians and supporting amici curiae argue that the weather conditions clause has exactly the effect disclaimed by the Court of Appeal. Specifically, they observe that because this is an "open peril" policy, all perils not expressly excluded by the policy are covered. (See *Garvey, supra,* 48 Cal.3d at p. 406; *Travelers Casualty & Surety Co. v. Superior Court* (1998) 63 Cal.App.4th 1440, 1454 [75 Cal.Rptr.2d 54]; *Strubble v. United Services Auto. Assn.* (1973) 35 Cal.App.3d 498, 504 [110 Cal.Rptr. 828].) The policy purports to exclude losses caused by weather conditions, but only where weather conditions "contribute in any way with" earth movement (e.g., landslide), water damage (e.g., flood), or another cross-referenced, excluded peril. Under the plain terms of the policy, losses caused by weather conditions that do not "contribute in any way with" earth movement, water damage, etc. are covered. Thus the coverage inquiry turns on whether earth movement, water damage, or the like "contribute[d] in any way with" weather conditions to create a loss. This "contribute[s] in any way" language, they posit, has the same sweeping and pernicious effect as the policy terms involved in *Howell* and *Garvey* had, in that it allows the insurer to defeat coverage for a loss proximately caused by weather conditions merely by finding a remote peril somewhere—no matter how distant, minor, or independent from the weather conditions—in the causal background. Hartford,

meanwhile, argues that the weather conditions clause properly excludes a specific peril, and that neither section 530 nor the efficient proximate cause doctrine prohibits it from defining excluded perils as it chooses.

The threshold question, as we see it, is whether section 530 and the efficient proximate cause doctrine inflexibly prohibit an insurer from insuring against some manifestations of weather conditions, but not others. The Julians argue that Hartford cannot draft policy provisions having such an effect. They contend, and *Palub* agreed, that because the Julians' policy provides coverage for losses caused by weather conditions under some conditions, it must cover losses caused by weather conditions under all circumstances or else run afoul of the efficient proximate cause doctrine. We disagree.

■ "[A]n insurance company can limit the coverage of a policy issued by it as long as such limitation conforms to the law and is not contrary to public policy." (*Lumberman's Mut. Cas. Co. v. Wyman* (1976) 64 Cal.App.3d 252, 259 [134 Cal.Rptr. 318].) "An insurance policy may exclude coverage for particular injuries or damages in certain specified circumstances while providing coverage in other circumstances." (*Frank and Freedus v. Allstate Ins. Co.* (1996) 45 Cal.App.4th 461, 471 [52 Cal.Rptr.2d 678].) It follows that an insurer is not absolutely prohibited from drafting and enforcing policy provisions that provide or leave intact coverage for some, but not all, manifestations of a particular peril. This is, in fact, an everyday practice that normally raises no questions regarding section 530 or the efficient proximate cause doctrine. For example, a policy might exclude losses caused by freezing to plumbing, but provide coverage for other types of freezing, or vice versa. The fact that the exclusion does not apply to all types of freezing does not, by itself, render it invalid. Likewise, an insurance policy can provide coverage for weather conditions generally, but exclude coverage for specific weather conditions such as hail, wind, or rain. The fact that hail, wind, and rain are types of weather conditions does not bind the insurer to insure against all weather conditions, or none at all. A reasonable insured would readily understand from the policy language which perils are covered and which are not. Similar logic applies where the limitations of our language require an insurer to describe a specific peril in terms of a relationship between two otherwise distinct perils (e.g., rain and landslide) in order to plainly and precisely communicate an excluded risk. In such a case, the fact that a policy provides coverage for some, but not all, manifestations of each constituent peril does not necessarily render the clause naming and excluding the "combined" peril invalid pursuant to section 530 and the efficient proximate cause doctrine.

The Julians and supporting amici curiae nevertheless contend that the weather conditions clause is invalid because the existence of the excluded

"peril" identified in the clause, and therefore application of the exclusion, turns on even the most minor contribution of a remote, excluded peril such as earth movement. Amicus curiae United Policyholders argues that as written, the weather conditions clause allows Hartford to deny coverage when a loss is caused 99 percent by weather conditions and 1 percent by earth movement. For example, coverage for a loss by all appearances caused by a windstorm could be denied where the damage also could be linked in some manner to modest earth movement or water damage that occurred long before the storm.

We agree with United Policyholders that application of the policy language in situations like the one described above would raise troubling questions regarding the clause's consistency with the efficient proximate cause doctrine. Denial of coverage for such a loss would suggest the provision of illusory insurance against weather conditions, raising concerns similar to those implicated in *Howell*. (*Howell*, *supra*, 218 Cal.App.3d at pp. 1467–1468, 1475 (conc. opn. of Barry-Deal, J.).) Indeed, the phrase "contribute in any way with" that links weather conditions with earth movement in the present cause seems particularly designed to circumvent the efficient proximate cause doctrine. For like reasons, we disagree with Hartford's implicit argument that an insurer's ability to combine otherwise separate perils into a single peril will invariably render section 530 and the efficient proximate cause doctrine irrelevant. This mechanistic approach toward avoiding efficient proximate cause analysis would have us endorse excluded "perils" regardless of how they mingle or concatenate distinct risks, and whether or not they provide "a fair result within the reasonable expectations of both the insured and the insurer." (*Garvey*, *supra*, 48 Cal.3d at p. 404.)

Here, however, we address only the application of the weather conditions clause to a loss occasioned by a rain-induced landslide. The peril of rain inducing a landslide is a genuine one, not a mere drafting fiction. Rain inducing a landslide is a commonly understood risk of loss and the frequent and direct causal relationship between rain and landslide is widely and easily understood. The Hartford engineer's report attested that the type of slope failure involved in this case was "always" caused by water. The landslide here was not an independent causal agent in the Julians' loss; by all accounts it was dependent on the weather condition of heavy rains. And a reasonable insured would readily grasp the difference between a loss caused by weather conditions alone and a loss caused by weather conditions that induce a landslide, undermining the threat of illusory insurance. Accordingly, to the extent the weather conditions clause excludes the specific peril of rain inducing a landslide, there is no violation of section 530 or the efficient proximate cause doctrine.

The remaining task is to determine whether the weather conditions clause does, in fact, exclude the peril of rain inducing a landslide. If it does,

we will enforce the exclusion to the extent that this peril is the efficient proximate cause of the loss. (See *Garvey, supra,* 48 Cal.3d at pp. 412–413; *Howell, supra,* 218 Cal.App.3d at pp. 1452, 1458, 1459.) Upon review of the weather conditions clause in the context of the policy as a whole, we agree with *Findlay, supra,* 129 Wn.2d at pages 375–376 that the policy excludes this peril. The weather conditions clause purports to exclude coverage for a loss caused by weather conditions that "contribute[d] in any way with" earth movement, including a landslide. Particularly given the direct and well-known relationship between rain and landslide, a reasonable insured would understand that the words "contribute in any way with" connote an intention to exclude rain that induces a landslide. Significantly, the Julians have never supplied an alternative interpretation of the clause.[4] Applying the exclusion to the facts of this case, therefore, brings about "a fair result within the reasonable expectations of both the insured and the insurer." (*Garvey, supra,* 48 Cal.3d at p. 404.)

■   We hold, in sum, that the weather conditions clause excludes the peril of rain inducing a landslide and that as applied here the clause does not violate section 530 or the efficient proximate cause doctrine. Because the policy effectively excludes the perils of earth movement, third party negligence, and rain inducing a landslide, and the Julians produced no evidence that a different peril was the efficient proximate cause of their loss, we agree with the Court of Appeal that the trial court did not err in granting Hartford summary judgment.

### Disposition

The judgment of the Court of Appeal is affirmed.

George, C. J., Kennard, J., Werdegar, J., and Chin, J., concurred.

---

[4] The Julians did not contend in their opening brief that the weather conditions clause was ambiguous as applied here. (See *E.M.M.I., Inc. v. Zurich American Ins. Co.* (2004) 32 Cal.4th 465, 471 [9 Cal.Rptr.3d 701, 84 P.3d 385] [to be enforced, an exclusion must unambiguously apply to a particular loss and be conspicuous, plain and clear].) Although they cursorily suggested an ambiguity in their reply brief, they never offered a reasonable alternative interpretation of the policy language. (*Id.* at p. 470 [to be ambiguous, a policy provision must be susceptible to at least two reasonable constructions].) We decline to advance an argument that the Julians neither timely nor fully made. (See *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 895, fn. 10 [93 Cal.Rptr.2d 364] [" ' "points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before. . . ." ' [Citations.]"])

**BROWN, J.,** Concurring.—I concur with the majority's judgment affirming the Court of Appeal. However, I write separately because I agree with that court's determination that the efficient proximate cause doctrine, codified in Insurance Code section 530, is not implicated.

The majority parrots the argument set forth by amicus curiae United Policyholders that the weather conditions clause at issue allows the insurer to deny coverage when the loss is caused by 1 percent earth movement and 99 percent weather conditions. (Maj. opn., *ante*, at p. 760.) The majority states: "[A]pplication of the policy language in situations like the one described above would raise troubling questions regarding the clause's consistency with the efficient proximate cause doctrine" and denying coverage for a loss such as that described above suggests "the provision of illusory insurance against weather conditions . . . . [Citation.]" (*Id.* at p. 760) The focus of the majority's concern is the phrase "contribute in any way." These words, according to the majority, seem "particularly designed to circumvent the efficient proximate cause doctrine." (*Id.* at p. 760.) Of course, that is true only if the efficient proximate cause doctrine was designed to nullify policy language and force insurers to pay for a loss when an excluded risk is the efficient proximate or predominant cause. As a general rule, however, the insurer owes policy benefits to the insured if the efficient proximate cause of the loss is a covered peril, even when other specifically excluded perils contribute to the loss; but the insurer does not owe benefits when an excluded peril is the efficient proximate cause of the loss. (*State Farm Fire & Casualty Co. v. Von Der Lieth* (1991) 54 Cal.3d 1123, 1131–1132 [2 Cal.Rptr.2d 183, 820 P.2d 285] ["[T]he scope of coverage under an all-risk homeowner's policy includes all risks except those specifically excluded by the policy. When a loss is caused by a combination of . . . covered and specifically excluded risks, the loss is covered if the covered risk was the efficient proximate cause of the loss. [Citation.] [T]he loss is not covered if the covered risk was only a remote cause of the loss, or the excluded risk was the efficient proximate, or predominate cause"].) Thus, the description in a policy of an unambiguous excluded peril does not circumvent the efficient proximate cause doctrine. If the loss is proximately caused by an excluded peril, the doctrine is not applicable. The majority nevertheless rejects "Hartford's implicit argument that an insurer's ability to combine otherwise separate perils into a single peril will invariably render section 530 and the efficient proximate cause doctrine irrelevant." (Maj. opn., *ante*, at p. 760.) The majority describes this approach as "mechanistic" and believes it is an end run around the efficient proximate cause doctrine that would provide results outside " 'the reasonable expectations of both the insured and the insurer.' [Citation.]" (*Ibid.*)

Unlike the majority, I do not believe United Policyholders' argument raises "troubling questions" (maj. opn., *ante*, at p. 760) with respect to the efficient proximate cause doctrine. First, Hartford's approach does not go against the " 'reasonable expectations of both the insured and the insurer.' " (*Id.* at p. 760.) The reasonable expectations of the parties are found in the clear terms of the insurance contract—terms the Julians do not claim are ambiguous and that this state's Department of Insurance approved. (*Garvey v. State Farm Fire & Casualty Co.* (1989) 48 Cal.3d 395, 408 [257 Cal.Rptr. 292, 770 P.2d 704] ["[T]he reasonable expectations of the insurer and the insured . . . —as manifested in the distribution of risks, the proportionate premiums charged and the coverage for all risks except those specifically excluded—cannot reasonably include an expectation of coverage in property loss cases in which the efficient proximate cause of the loss is an activity expressly *excluded* under the policy"].)

I find the Court of Appeal's well-reasoned opinion in this case expresses the better view: "According to Hartford, it is free to exclude a category of peril from its policy and then restore coverage in certain circumstances without transforming an exclusion into a coverage provision. We agree with Hartford. [¶] A property insurer may exclude a category of peril from coverage under its policy. 'In the property insurance context, the insurer and the insured can tailor the policy according to the selection of insured and excluded risks and, in the process, determine the corresponding premium to meet the economic needs of the insured.' [Citation.] . . . [¶] Moreover, an insurer can exclude a specific category of peril and then restore a certain amount of coverage through an exception to the exclusion. [Citation.] In such circumstances the exclusion does not operate as a grant of coverage. The exception to the exclusion merely 'serves to "reinstate coverage" where it would not otherwise exist.' [Citations.] [¶] Based on these principles, the weather conditions provision in the Julians' policy is properly characterized as an exclusion, *not* as a coverage provision. Hartford was free to deem weather conditions a category of peril excluded by the policy. It made its decision to do so clear and unambiguous by listing weather conditions as an excluded peril in the exclusions section of its policy. Indeed, the Julians do not suggest Hartford is precluded from writing its insurance policy to exclude weather conditions under all circumstances. Hartford also was free to restore a certain amount of coverage to the insured when the circumstances under the exception to the weather conditions exclusion were satisfied. The fact that the exclusion contained an exception did not transform it into a coverage provision. As an exclusion, the weather conditions provision cannot serve as a grant of coverage permitting the Julians to recover on their claim under the efficient proximate cause doctrine. [Citation.]"

Like the Court of Appeal, I believe an insured and insurer " 'can tailor [a] policy according to the selection of insured and excluded risks' " and—absent

a violation of a fundamental public policy—courts should be loathe to step in and rewrite their terms. As the Supreme Court in Washington stated when reviewing a virtually identical weather conditions provision, "If the efficient proximate cause . . . is a specifically named, unambiguous excluded peril in the policy, we will not mandate coverage. We will not, under the guise of public policy, rewrite a clear contract between the parties." (*Findlay v. United Pacific Ins. Co.* (Wash. 1996) 129 Wn.2d 368, 380 [917 P.2d 116, 122].) Although holding that the efficient proximate cause doctrine is not applicable in this case, I believe the majority's approach leaves the door open for courts to step in and rewrite insurance contracts, in derogation of the parties' reasonable expectations as set forth in the contracts.

For the reasons stated above, I would affirm the Court of Appeal and overrule *Palub v. Hartford Underwriters Ins. Co.* (2001) 92 Cal.App.4th 645 [112 Cal.Rptr.2d 270].

Baxter, J., concurred.