Filed 7/29/14  Nyawuto v. United Carrier CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| KOFI NYAWUTO, | B250045 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC472573) |
| v. | |
| UNITED CARRIER, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Michael L. Stern, Judge.  Affirmed.

Kofi Nyawuto, in pro. per., for Plaintiff and Appellant.

Bremer, Whyte, Brown & O'Meara, John V. O'Meara, James K. Andrade; Everett L. Skillman for Defendant and Respondent.

_____

Appellant argues that the trial court improperly granted summary judgment and prevented him from filing an amended complaint. Because appellant fails to demonstrate that the trial court committed reversible error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and appellant Kofi Nyawuto, acting in propria persona, filed suit in October 2011 against Jamison Properties (Jamison), 3255 Wilshire Boulevard, Standard Parking, and Edgar Barrios, as well as 100 Doe defendants. Plaintiff's form complaint stated a breach of contract cause of action, alleging that defendants breached their contract to provide 24-hour parking access by unlawfully and illegally impounding his car and towing it to an impound yard.

In May 2012, plaintiff filed a motion for leave to file a first amended complaint (FAC). The proposed FAC contained 44 purported causes of action, listing the same defendants in the caption. In the body of the proposed FAC, plaintiff identified respondent United Carrier, Inc. (United), a towing company, "as a replacement" for Doe defendant number three.

Plaintiff attempted to serve United with the FAC at its business address in August 2012. United filed a motion to quash, arguing that service was improper because it was not directed at United's agent for service of process, that the FAC did not appear in the trial court's record, that no Doe amendment form identifying United as a defendant was ever filed, and that no summons on the FAC, or any summons mentioning United, was ever issued.

On October 1, 2012, Jamison and other defendants filed an ex parte application to continue the trial and related dates. In ruling on the application, the trial court stated that it had granted plaintiff's motion for leave to file the FAC in June 2012, but that plaintiff did not comply with the court's order because he never actually filed the FAC. The court found that because the FAC was never filed, it was untimely, and the case would proceed on the original complaint. The court continued the trial and related deadlines.

2

On November 15, 2012, plaintiff filed an amendment naming United as a defendant in place of Doe defendant number three. Thereafter, United withdrew its motion to quash service of the complaint.

On November 16, 2012, plaintiff filed an ex parte application for an order shortening time to hear a motion "to set aside default for failure to timely file a first amended complaint." Plaintiff sought to bring the motion pursuant to Code of Civil Procedure section 473, subdivision (b), arguing that he should be allowed to file and proceed on the FAC. The trial court granted the order shortening time. In opposition to the motion, defendants argued that plaintiff's motion was nonsensical because no default was ever entered, and that plaintiff did not comply with the statutory rules for bringing a motion for reconsideration of the trial court's October 1, 2012 ruling that the case would proceed on the original complaint.

The trial court denied plaintiff's motion "to set aside default" on January 3, 2013. The court noted that there was no default entered against plaintiff. Further, the court found that plaintiff's motion appeared to be an attempted motion for reconsideration of the court's October 1, 2012 order, but in that event the motion was untimely. The court held that the original complaint would continue to be operative, and it allowed plaintiff to name United in place of a Doe defendant.

United answered the complaint on January 8, 2013. In February 2013, United filed an ex parte application for an order setting a hearing date on a proposed motion for summary judgment, arguing that such an order was necessary in light of statutory time requirements for filing a motion for summary judgment. The trial court granted the order, setting a hearing date of May 10, 2013.

In its motion for summary judgment, United argued that the sole cause of action pled against it was for breach of contract, and since United had no contract with plaintiff, plaintiff was unable to prove a breach of contract. United submitted a declaration of its operations manager, who stated that he was familiar with and had reviewed United's contracts, and that no contract between United and plaintiff existed. In opposition, plaintiff argued that he paid for his parking space in the parking structure and was issued

3

a keycard, thus evidencing a contract between himself and United, a towing company. He also argued that his complaint stated causes of action other than for breach of contract, and that these causes of action presented triable issues of fact that could only be decided at trial.

The trial court granted the motion for summary judgment in May 2013, on the basis that there was no contract between plaintiff and United.

## DISCUSSION

Plaintiff filed an appeal from the trial court's order granting summary judgment. Such an order is not appealable. (*H.N. & Frances C. Berger Foundation v. City of Escondido* (2005) 127 Cal.App.4th 1, 6, fn. 5.) As respondent has not moved to dismiss the appeal, however, in the interest of justice and to avoid delay, we construe the order granting summary judgment as incorporating an appealable judgment, and the notice of appeal as appealing from such judgment. (*Id.* at p. 7, fn. 5.)

We start with the basic concept that an appealed judgment or order is presumed correct. (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to affirmatively demonstrate error. (*Ibid.*) This burden requires the appellant to support his contentions with reasoned argument and citation to authority; we do not provide an appellant's arguments for him. (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368; *Salas v. Department of Transportation* (2011) 198 Cal.App.4th 1058, 1074.) Nor do we give an appellant appearing in propria persona any special consideration. (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125 [in propria persona litigant "'is entitled to the same, but no greater, consideration than other litigants and attorneys'"].)

A fundamental rule of appellate practice is that points raised for the first time in an appellant's reply brief will not be considered, unless there is good cause that they could not be made before. (*Julian v. Hartford Underwriters Ins. Co.* (2005) 35 Cal.4th 747, 761, fn. 4; *Kovacevic v. Avalon at Eagles' Crossing Homeowners Assn.* (2010) 189 Cal.App.4th 677, 680, fn. 2.) Here, plaintiff's opening brief is completely insufficient. The minimal statement of facts does not provide an adequate summary of the relevant

4

factual and procedural history, and plaintiff makes no reasoned argument in support of his contentions. For example, plaintiff's opening brief simply informs us that we are to conduct a de novo review of the order granting summary judgment but makes no suggestion as to how the order was improper. Plaintiff's reply brief is somewhat more substantial, but plaintiff does not explain why points he raises in the reply brief could not be made in his opening brief. Given these deficiencies, reversal cannot be had.

Reviewing plaintiff's contentions in his opening brief, he first takes issue with the trial court's denial of his motion "for relief from default." As the trial court correctly noted, no default was entered against plaintiff. Plaintiff does not argue against this finding, nor does he explain how the trial court erred.[1]

Plaintiff also contends that summary judgment was improper. In moving for summary judgment, United submitted evidence showing that it never had a contract with plaintiff. Plaintiff's opposition contained no evidence adequate to refute this conclusion. Thus, since there was no contract between plaintiff and United, there could be no breach of contract, and summary judgment was proper.[2], [3]

---

[1] Plaintiff also asserts, without reasoned argument, that substantial evidence did not support the trial court's finding that he failed to file the FAC. This contention is belied by the record, which shows that, in June 2012, the trial court granted plaintiff leave to file and serve the FAC, provided he do so within 10 days. The record does not contain any filing of the FAC within 10 days of the June 2012 order.

[2] In his reply brief, plaintiff contends that his original complaint stated other causes of action. The complaint only contains a single cause of action for breach of contract, however. Although plaintiff listed additional purported causes of action under an "other" box on the complaint form, he pled no allegations to support these alleged causes of action.

[3] Plaintiff also contends that in June 2013 the trial court judge should have recused himself based on a statement of disqualification filed by plaintiff. Plaintiff has sought writ review on this issue, which was denied. The issue is not appealable.

## DISPOSITION

The summary judgment in favor of United is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


FERNS, J.*

_____

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice
pursuant to article VI, section 6 of the California Constitution.

6