Filed 6/26/23  Spielbauer Law Office v. Midland Funding CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SPIELBAUER LAW OFFICE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>MIDLAND FUNDING, LLC, et al.<br><br>Defendants and Respondents. | H049662<br>(Santa Clara County<br>Super. Ct. No. 18CV339157) |

The trial court awarded attorney fees to respondents Midland Funding, LLC and Midland Credit Management, Inc. (collectively Midland) following appellant Spielbauer Law Office's (Spielbauer) unsuccessful appeal from the judgment entered by the trial court after an order granting Midland's special motion to strike Spielbauer's complaint. On appeal from the attorney fees order, Spielbauer contends the trial court erred by refusing to consider an expert declaration and by denying Spielbauer's requests for judicial notice of orders issued in other matters.  We affirm the order.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[1]

Spielbauer filed a complaint against Midland stating claims based on Midland's alleged interference with the attorney-client relationship between Spielbauer and one of

---

[1] Discussion of the background in this action is limited to the matters relevant to the issues raised in this appeal.

its clients.[2]  The trial court granted Midland's special motion to strike pursuant to Code of Civil Procedure section 425.16 (anti-SLAPP motion) in July 2019, and entered judgment in favor of Midland in August 2019.[3]  Spielbauer filed a notice of appeal from the judgment in October 2019 (appeal No. H047393).  Because Spielbauer did so more than 60 days after it was served with the order granting the anti-SLAPP motion, Midland moved to dismiss the appeal as untimely.  This court granted the motion to dismiss, and denied Spielbauer's petition for rehearing.  The California Supreme Court denied Spielbauer's petition for review (case No. S263930).  This court thereafter issued the remittitur in appeal number H047393.

Pursuant to Code of Civil Procedure section 425.16, subdivision (c), Midland filed a motion for attorney fees it incurred in defending against Spielbauer's appeal from the judgment.  Midland sought $11,998.50 in fees required to defend the appeal, $3,220 in fees to draft the fee motion, and whatever fees it incurred in connection with the remaining briefing and argument of the motion.  In support of its request, Midland filed a declaration from attorney Thomas F. Landers, a partner at Solomon Ward Seidenwurm & Smith LLP (SWSS), the law firm that represented Midland.  Relevant to this appeal,

---

[2] The instant matter is the third appeal arising from the underlying trial court action.  As discussed, *post*, Spielbauer appealed the trial court's August 2019 judgment in appeal number H047393.  It thereafter appealed the trial court's order granting Midland prevailing party attorney fees related its special motion to strike.  Although ultimately heard as appeal number A165817 by Division 1 of the First District Court of Appeal, the appeal from the first attorney fees order originated in this court, as appeal number H047940.  In the instant appeal, Spielbauer incorporated by reference the records filed in both of these previous appeals.  On its own motion, this court takes judicial notice of the record filed in appeal number H047940, and of the opinion issued in *Spielbauer Law Office v. Midland Funding, LLC, et al.* (Mar. 23, 2023, A165817; review den. June 21, 2023) [nonpub. opn.] (*Spielbauer*).  While there was no record filed in appeal number H047393, on its own motion, the court will take judicial notice of the docket in that appeal.

[3] The trial court awarded Midland $49,896 in prevailing party attorney fees following grant of the anti-SLAPP motion, which was affirmed on appeal.  (*Spielbauer*, *supra*, A165817, at pp. 1, 3.)

2

Landers attached three exhibits to his declaration, reflecting "[a]ll time entries related to anti-SLAPP Appeal and this fee motion. . .," "[a]ll [Landers's] time entries. . .," and "[a]ll [Leah] Strickland's time entries. . . ." Due to the numerous pleadings Midland filed relevant to the appeal and petition for review, Landers contended that the total hours spent by his firm on the appeal were reasonable. He further alleged that the hourly rate SWSS charged for each attorney was reasonable based on each attorney's experience. The chief operating officer of SWSS provided a declaration stating that the firm's hourly rates were "below or in line with the average billing rates for litigation partners and associations in the California market."

Spielbauer opposed Midland's request for attorney fees. It argued that the fees were "grossly inflated to the point of being fraudulent." Spielbauer contended that the issues presented in the motion to dismiss the appeal and the response to the petition for review were "routine," such that the pleadings SWSS filed should have already been in the firm's "brief banks" and only required "a couple of hours to prepare and file." Given Landers's declaration about Strickland's qualifications, Spielbauer claimed it was "absurd" to believe that she and Landers required the number of hours claimed in order to prepare the pleadings. It further argued that it was "unnecessary" for Midland to respond to the petition for review before the Supreme Court ruled on the petition. Claiming that the fees were excessive, Spielbauer alleged that Midland "has had a troubled history of dishonesty and has had multiple judgments rendered against it," citing *Bureau of Consumer Financial Protection v. Encore Capital Group*, *Inc.*, *et al.* (S.D.Cal. 3:20-cv-01750-GPC-KSC) (the *BCFP* case), as well as a matter involving Midland and the attorney general of Pennsylvania (the Pennsylvania matter). Additionally, Spielbauer claimed Midland had previously "been caught . . . seeking excessive fees," citing a superior court case, *Gilbert v. Midland* (Super. Ct. Contra Costa County, 2016, No.

3

MSC16-01184). Spielbauer asked the trial court to take judicial notice of documents pertaining to each of the matters it referenced in its opposition.[4]

Ray Sowards provided a declaration in support of Spielbauer's opposition. He stated that he was a licensed attorney, who had "practiced law and billed clients. I have also been an insurance claims adjuster and [investigator] prior to my bar admission and regularly reviewed attorney billings for matters before trial courts and appellate courts. As such, I have extensive experience in reviewing attorney billings." Sowards opined that the number of hours billed by SWSS was unreasonable, such that there was an "overbilling of [at least] 13.8 hours pertaining to the appellate matters. . . ." In reaching his opinion, Sowards reviewed "the complaint, SLAPP motion, orders, appellate briefs, motions for attorneys fees and decisions by the Court of Appeals, and the billings submitted by MIDLAND and its attorney, SWSS." Sowards also reviewed a "previous declaration of Kevin M. Sullivan. . . ."[5]

Midland objected to Sowards's declaration, arguing that the testimony was irrelevant, as the trial court was the best judge of the value of professional services rendered in a matter and the opinion of an expert witness was not necessary to assist the court in evaluating the request. Midland further contended that the matters for which

---

[4] As included in the appellant's appendix filed in this appeal, Spielbauer did not attach any pleadings to the initial request for judicial notice. It included URL addresses for websites seemingly pertaining to the *BCFP* case, and the Pennsylvania matter. At the time this court prepared this opinion, the link related to the *BCFP* case was inoperable, and the Pennsylvania matter link led to an unrelated press release. Spielbauer did not attach or link any documents relating to *Gilbert v. Midland*. Spielbauer filed a second request for judicial notice shortly after Midland replied to its opposition to the attorney fee motion, to which it attached a Stipulated Final Judgment and Order filed in the *BCFP* case. It again included nonfunctioning URL links for both the *BCFP* case and the Pennsylvania matter.

[5] Sullivan filed a declaration in opposition to Midland's request for prevailing party attorney fees following the grant of the anti-SLAPP motion. The trial court declined to consider the declaration, a decision that the appellate court upheld on review. (*Spielbauer*, *supra*, A165817, at pp. 1-2.)

4

Spielbauer sought judicial notice were not relevant to the determination of an appropriate award of fees.

Following a hearing, at which Midland requested $20,026 in attorney fees, the trial court awarded Midland $19,651. It denied Spielbauer's requests for judicial notice of the *BCFP* case, the Pennsylvania matter, and *Gilbert v. Midland*. It sustained Midland's objection to Sowards's declaration, stating, "The evidence is insufficient to qualify Mr. Sowards as an expert to render an opinion regarding legal services, reasonable attorney hours for tasks performed and hourly rates of attorneys in anti-SLAPP motions or appeals." As Spielbauer did not contest the hourly rates charged by SWSS, the court addressed only the reasonableness of the number of hours incurred by the attorneys in connection with the appeal and fee motion. The court found that the time expended was reasonable, and that Spielbauer did not present competent evidence to support its claims. While Midland asked the court to award five hours of attorney time to prepare for and attend the hearing on the motion, the court awarded two and a half hours. Midland did not request an upward adjustment to the lodestar figure adopted by the court; the court denied Spielbauer's request for a downward adjustment. Spielbauer timely appealed the order. (Code Civ. Proc., § 904.1, subd. (a)(2); Cal. Rules of Court, rule 8.104(a)(1).)

## II. DISCUSSION

Spielbauer raises three contentions on appeal: (1) the trial court erred in sustaining the objection to Sowards's declaration; (2) the court erred in denying the request for judicial notice of the *BCFP* case; and (3) the court erred in denying judicial notice related to the *Gilbert v. Midland* case.

There is no dispute that Code of Civil Procedure section 425.16, subdivision (c) authorizes an award of attorney fees to a prevailing defendant following an unsuccessful appeal from an order granting an anti-SLAPP motion. (See *City of Rocklin v. Legacy Family Adventures-Rocklin, LLC* (2022) 86 Cal.App.5th 713, 737.) As a general matter, we review the trial court's award of attorney fees for abuse of discretion, considering

5

whether or not the trial court " 'exceeded the bounds of reason' in making its award of attorney fees. [Citation.]" (*Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1250 (*Maughan*).) Absent a clear showing that the decision was "arbitrary or irrational," we will not substitute our judgment for the judgment of the trial court. (*Id.* at p. 1249.) Spielbauer bears the burden of demonstrating that the trial court abused its discretion. (*Ibid*.)

Similarly, we generally review the trial court's evidentiary rulings for abuse of discretion, including its determinations regarding admissibility of expert testimony and judicial notice. (*Physicians Committee for Responsible Medicine v. Los Angeles Unified School Dist.* (2019) 43 Cal.App.5th 175, 182; *Christ v. Schwartz* (2016) 2 Cal.App.5th 440, 446; *Burton v. Sanner* (2012) 207 Cal.App.4th 12, 18.)

Without explanation, Spielbauer argues that it raises a question of law in the appeal, such that the de novo standard of review would apply. Spielbauer fails to later identify any question of law presented in the appeal. It contends that the court abused its discretion by sustaining the objection to Sowards's declaration, and argues that the materials over which it asked the court to take judicial notice are relevant to the proceedings.[6] We will thus review the matter for abuse of discretion.

## A. *The trial court did not abuse its discretion by sustaining the objection to Sowards's declaration.*

The trial court found that "[t]he evidence is insufficient to qualify Mr. Sowards as an expert to render an opinion regarding legal services, reasonable attorney hours for tasks performed and hourly rates of attorneys in anti-SLAPP motions or appeals." "A

---

[6] In its opening brief, Spielbauer makes an unsupported claim that the trial court denied it due process of law by depriving it of the ability to present impeachment evidence. We will not consider this undeveloped argument. "[W]e may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287.)

person is qualified to testify as an expert if he has special knowledge, skill, experience, training, or education sufficient to qualify him as an expert on the subject to which his testimony relates. Against the objection of a party, such special knowledge, skill, experience, training, or education must be shown before the witness may testify as an expert." (Evid. Code, § 720, subd. (a).) We will not disturb the trial court's determination regarding a witness's qualification to serve as an expert absent a manifest abuse of discretion. (*People v. Brown* (2014) 59 Cal.4th 86, 100; *Miller v. Los Angeles County Flood Control Dist.* (1973) 8 Cal.3d 689, 701.)

Sowards's declaration does not address his qualification to serve as an expert on any of the issues identified by the trial court, other than to state that he was a practicing lawyer with experience billing clients. He was previously an insurance claims adjuster and investigator, in which capacity he reviewed attorney billings. Sowards did not identify any experience serving as an expert concerning the reasonableness of attorney billing, particularly as it relates to the appeal of a judgment after the trial court grants an anti-SLAPP motion. It is not enough that Sowards has experience or skill reviewing attorney billings. He must have "*special* knowledge, skill, experience, training, or education sufficient to qualify him as an expert on the subject to which his testimony relates." (Evid. Code, § 720, subd. (a), italics added.) On the evidence before us, we cannot say that the trial court abused its discretion by declining to qualify Sowards as an expert witness.

Even if the trial court had accepted Sowards's qualifications, Spielbauer has not demonstrated that Sowards's opinion was "[r]elated to a subject that is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact. . . ." (Evid. Code, § 801, subd. (a).) " '[T]he determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court. . . . [Citations.] The value of legal services performed in a case is a matter in which the trial court has its own expertise. [Citation.] The trial court may make its own determination of the value

7

of the services contrary to, or without the necessity for, expert testimony. [Citations.]'
[Citation.]" (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1096 (*PLCM Group*);
*Serrano v. Priest* (1977) 20 Cal.3d 25, 49.) Spielbauer has not shown that Sowards
offered an opinion beyond the expertise of the trial court with regard to the
reasonableness of the fees charged by SWSS for the appeal from the judgment. Absent
such a showing, we will not disturb the trial court's ruling.[7]

## B. *The trial court did not err in denying judicial notice.*

Under Evidence Code section 452, subdivision (d), the trial court may take judicial
notice of the records of any court of this state, or any federal court. The court "shall take
judicial notice of any matter specified in Section 452 if a party requests it and: [¶]
(a) Gives each adverse party sufficient notice of the request, through the pleadings or
otherwise, to enable such adverse party to prepare to meet the request; and [¶]
(b) Furnishes the court with sufficient information to enable it to take judicial notice of
the matter." (Evid. Code, § 453.) While section 453 uses the mandatory "shall," it is
subject to the qualification that the matters judicially noticed must be relevant to the issue
before the court. (*Mangini v. R. J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063,
overruled on other grounds by *In re Tobacco Cases II* (2007) 41 Cal.4th 1257.) On
appeal, Spielbauer has not demonstrated that the trial court abused its discretion by

---

[7] In its reply brief, Spielbauer contends the trial court committed structural error
by excluding the testimony of its one expert witness. The *improper* exclusion of expert
testimony might in exceptional circumstances amount to structural error, i.e., when the
expert's testimony is essential to determination of a central issue before the court. (See
*Kline v. Zimmer, Inc.* (2022) 79 Cal.App.5th 123, 135-136 [where expert testimony was
essential to the issue of medical causation, the trial court committed structural error by
excluding testimony of a qualified defense expert]; *Brown v. Colm* (1974) 11 Cal.3d 639,
647 [trial court committed reversible error by excluding the sole expert relied upon by
plaintiff to establish the standard of care in a medical malpractice action].) Here, expert
testimony was not essential to determination of the issues. Moreover, Spielbauer did not
lay a proper foundation to qualify Sowards as an expert witness.

determining that neither the *BCFP* case nor *Gilbert v. Midland* were relevant to the issue of attorney fees following the unsuccessful appeal from the judgment.[8]

As an initial matter, Spielbauer does not identify where in the record on appeal this court can locate the docket or pleadings from *Gilbert v. Midland* that it contends the trial court should have judicially noticed. There were no such documents attached to the requests for judicial notice Spielbauer filed relevant to the appellate attorney fees motion at issue in this appeal. The portion of the record cited in Spielbauer's opening and reply briefs does not include any such documents. Aside from references to the matter in Spielbauer's pleadings, and in the declaration of Sullivan, the trial court's exclusion of which was affirmed on appeal (*Spielbauer*, *supra*, A165817, at pp. 1-2), there is nothing in the record indicating Spielbauer provided the trial court with "sufficient information to enable it to take judicial notice of the matter." (Evid. Code, § 453, subd. (b).) There is certainly insufficient evidence demonstrating that the trial court erred in determining that the documents were not relevant to the issue of attorney fees incurred in defending the appeal from the judgment. Spielbauer had the burden to provide an adequate record for review, and the failure to do so requires this court to resolve the issue against Spielbauer. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

Spielbauer did include the stipulated final judgment and order from the *BCFP* case in its appellant's appendix, which reflects that the Bureau of Consumer Financial Protection filed a complaint against Midland alleging violations of federal law in connection with Midland's debt collection practices. Midland entered into the stipulated judgment without admitting or denying any of the allegations in the complaint. They

---

[8] In its reply brief, Spielbauer raises the portion of the order denying judicial notice related to the Pennsylvania matter. It did not raise a concern regarding this portion of the order in its opening brief, and has not demonstrated good cause for raising the issue for the first time in its reply. Thus, we will not consider the propriety of the trial court's order in that regard. (See *Julian v. Hartford Underwriters Ins. Co.* (2005) 35 Cal.4th 747, 761, fn. 4.)

agreed to certain injunctive relief, as well as the payment of monetary damages and a "civil money penalty." Although Spielbauer claims that the judgment "reflect[s] inflated and unreasonable fee demands[,]" the judgment does not address the reasonableness of attorney fees incurred by Midland, or otherwise concern any issues raised in the instant appeal or the underlying trial court matter. We agree with the First District Court of Appeal: "Whether Midland suffered civil penalties or other remedies in an unrelated matter before a federal administrative tribunal, has no bearing on whether the amount of time its attorneys spent litigating this case was reasonable." (*Spielbauer*, *supra*, A165817, at p. 2.) Spielbauer has not met its burden to demonstrate reversible error in the trial court's judicial notice rulings.[9]

### III. DISPOSITION

The order granting Midland's motion for attorney fees after the appeal of the anti-SLAPP motion is affirmed. Midland is entitled to costs on appeal. (Cal. Rule of Court, rule 8.278(a).)

---

[9] Although Spielbauer identifies three alleged errors on appeal in its opening brief, relating only to the trial court's evidentiary and judicial notice rulings, interspersed in its briefs are contentions regarding the reasonableness of the attorney time spent defending the appeal from the judgment. As was true in *Spielbauer*, many of Spielbauer's arguments are taken directly from the pleadings filed with the trial court, and none account for the abuse of discretion standard of review that affords great deference to the experienced trial judge's evaluation of the professional services rendered in their court. (*Spielbauer*, *supra*, A165817, at p. 2, citing *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1130, 1132, 1140 (*Ketchum*).) Spielbauer reargues the issues litigated below without establishing that the trial court rendered a decision that was "clearly wrong." (*Ketchum*, at p. 1132; see also *PLCM Group*, *supra*, 22 Cal.4th at p. 1096.) To the extent Spielbauer raises the issue on appeal, it has not demonstrated that the trial court abused its discretion in determining the number of attorney hours for which Midland was entitled to compensation.

_____

Greenwood, P. J.

WE CONCUR:

_____

Grover, J.

_____

Lie, J.

H049662 - Spielbauer Law Office v. Midland Funding, LLC et al.