[No. B198622. Second Dist., Div. Four. Jan. 14, 2008.]

RUDOLF ANDRE DE BRUYN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
FARMERS GROUP, INC., et al., Real Parties in Interest.

## COUNSEL

Shernoff Bidart & Darras, Michael J. Bidart, Ricardo Echeverria; The Ehrlich Law Firm and Jeffrey Isaac Ehrlich for Petitioner.

No appearance for Respondent.

Fulbright & Jaworski, Peter H. Mason, Joshua D. Lichtman; Carlson, Calladine & Peterson, Robert M. Peterson, Asim K. Desai; Picker, Chow & Freisleben and Alan Freisleben for Real Parties in Interest.

OPINION

**WILLHITE, J.**—A homeowner with an "all-risk" homeowners insurance policy returned home from vacation to find that a toilet had overflowed, causing significant water damage to his home. As a result of the water damage, the house became contaminated by mold. The homeowner made a claim under the policy for all of the damage, including the mold damage. Although the policy covered losses resulting from a sudden and accidental discharge of water from plumbing or household appliances, the insurer denied the claim for the mold damage based upon terms in the policy that provide that any loss resulting from mold is always excluded, however caused.

■ The question raised in this original proceeding in mandate is whether the insurer may rely upon the "absolute" mold exclusion to deny coverage for mold damage resulting from the covered discharge of water, in light of Insurance Code section 530,[1] which incorporates into California law the efficient proximate cause doctrine. Under that doctrine, " '[w]hen a loss is caused by a combination of a covered and specifically excluded risks, the loss is covered if the covered risk was the efficient proximate cause of the loss,' but 'the loss is not covered if the covered risk was only a remote cause of the loss, or the excluded risk was the efficient proximate, or predominate cause.' " (*Julian v. Hartford Underwriters Ins. Co.* (2005) 35 Cal.4th 747, 750 [27 Cal.Rptr.3d 648, 110 P.3d 903] (*Julian*), quoting *State Farm Fire & Casualty Co. v. Von Der Lieth* (1991) 54 Cal.3d 1123, 1131 [2 Cal.Rptr.2d 183, 820 P.2d 285] (*Von Der Lieth*); see also *Garvey v. State Farm Fire & Casualty Co.* (1989) 48 Cal.3d 395, 403 [257 Cal.Rptr. 292, 770 P.2d 704] (*Garvey*).) The Supreme Court has instructed, however, that the doctrine does not preclude an insurer from providing coverage for some, but not all, manifestations of a peril, as long as the policy makes clear which perils are and are not covered. (*Julian, supra,* 35 Cal.4th at p. 759.) Because the policy at issue in this case "plainly and precisely communicate[d]" (*ibid.*) that mold damage is not covered even when it results from a covered sudden and accidental discharge of water, we hold the insurer's denial of coverage does not violate section 530 or the efficient proximate cause doctrine.

## BACKGROUND

This case comes to us on a petition for writ of mandate after the trial court sustained without leave to amend a demurrer to one of the causes of action alleged by petitioner Rudolf Andre De Bruyn. The complaint alleges that

---

[1] Further undesignated statutory references are to the Insurance Code. Section 530 provides: "An insurer is liable for a loss of which a peril insured against was the proximate cause, although a peril not contemplated by the contract may have been a remote cause of the loss; but he is not liable for a loss of which the peril insured against was only a remote cause."

De Bruyn purchased a homeowner's insurance policy from respondents Farmers Group, Inc., Fire Insurance Exchange, and Farmers Insurance Exchange (collectively, Farmers) in August 2003. The policy was written on an "all-risk" basis for the dwelling (Coverage A), and on a "specified-peril" basis for personal property (Coverage C).[2] Among other things, the policy covered losses to the dwelling and personal property caused by a sudden and accidental discharge of water from any plumbing or household appliance. The policy also included an exclusion for mold. (We discuss the language of the policy in greater detail in the Discussion, *post.*)

In April 2004, De Bruyn and his family returned from a six-day vacation to find that a toilet in an upstairs bathroom had overflowed and damaged his home. A few days later, he discovered that his dishwasher also had leaked and that there was mold on the wall behind it. He made claims to Farmers for the damages caused by the overflowed toilet and the leaking dishwasher. After some investigation and disputes related to the amount of damage suffered, Farmers paid De Bruyn for the water damage but denied payment for damage to the dwelling related to mold.

De Bruyn filed a complaint against Farmers, alleging three causes of action based upon Farmers's denial of coverage for mold-related damage resulting from the toilet overflow and dishwasher leak, and Farmers's alleged inadequate investigation and failure to make a timely or reasonable offer to settle his claims. Farmers demurred to the third cause of action, which alleged that Farmers committed acts of unfair competition under Business and Professions Code section 17200 et seq. by, among other things, relying on an "absolute" mold exclusion alleged to be "illegal" because it violates section 530. Farmers argued that section 530 did not apply under the facts of the case, but even if it did apply, it permitted Farmers to exclude coverage for mold damage, however caused.

The trial court sustained Farmers's demurrer without leave to amend and certified the matter for appellate review under Code of Civil Procedure section 166.1. We issued an order to show cause in response to De Bruyn's petition for writ of mandate, and set the matter for hearing. We have received Farmers's return to the order to show cause and De Bruyn's reply to the return.

---

[2] In an "all-risk" policy, the policy covers all risks except those specifically excepted or excluded, whereas in a "specified-peril" policy, only those risks specifically named are covered. (See *Garvey, supra,* 48 Cal.3d at p. 406.)

## DISCUSSION

### A. *Section 530 and the Efficient Proximate Cause Doctrine*

As the Supreme Court noted in *Julian, supra,* 35 Cal.4th at page 753, "section 530 incorporated the [efficient proximate cause] doctrine into California law as the preferred method for resolving first party insurance disputes involving losses caused by multiple risks or perils, at least one of which is covered by insurance and one of which is not." The court explained that, under the doctrine, " 'coverage would not exist if the covered risk was simply a *remote* cause of the loss, or if an excluded risk was the efficient proximate (meaning predominant) cause of the loss. On the other hand, the fact that an excluded risk contributed to the loss would not preclude coverage if such a risk was a remote cause of the loss.' . . . By focusing the causal inquiry on the [predominant, or] most important cause of a loss, the efficient proximate cause doctrine creates a 'workable rule of coverage that provides a fair result within the reasonable expectations of both the insured and the insurer.' " (*Id.* at p. 754, citation omitted.)

Thus, in *Sabella v. Wisler* (1963) 59 Cal.2d 21 [27 Cal.Rptr. 689, 377 P.2d 889], the Supreme Court applied the efficient proximate cause doctrine to reverse a judgment in favor of the insurer in a case involving negligent construction of a house that caused a sewer line to break (a covered risk because not specifically excluded), which caused the house to settle unevenly (an excluded risk), which resulted in a loss to the insured. Although the Supreme Court found that the exclusion clause in the policy at issue would convey to the ordinary person that the type of subsidence loss that occurred in that case was excluded from coverage, it nevertheless found the insurer liable "because the rupture of the sewer line attributable to the negligence of a third party, rather than settling, was the efficient proximate cause of the loss." (*Id.* at p. 31; see also *Von Der Lieth, supra,* 54 Cal.3d 1123 [efficient proximate cause doctrine applies where insureds presented evidence that third party negligence in developing property and negligence by other homeowners in maintaining septic tank systems (covered peril) caused increase in groundwater level (excluded peril), which caused earth movement (excluded peril), resulting in loss; jury found negligence was efficient proximate cause of loss]; *Garvey, supra,* 48 Cal.3d 395 [jury must determine whether negligent construction (covered peril) or earth movement (excluded peril) was efficient proximate cause of loss when addition to insured's house pulled away from the house].)

California courts have held that the efficient proximate cause doctrine must be applied to determine coverage even in circumstances in which the exclusions appear to be drafted to circumvent the doctrine.[3] For example, in *Howell v. State Farm Fire & Casualty Co.* (1990) 218 Cal.App.3d 1446 [267 Cal.Rptr. 708] (*Howell*), the policy at issue provided that it did not insure for loss that " 'would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: a) the cause of the excluded event; or b) other causes of the loss; or c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss.' " (*Id.* at p. 1449.) The excluded events included earth movement and water damage. (*Id.* at p. 1450.) The insured's property, which was located on a slope, suffered damage when a major landslide occurred after unusually heavy rains. The insured produced evidence that the landslide probably would not have occurred if not for a previous fire that had destroyed much of the vegetation on the slope. Fire was not an excluded peril under the "all-risk" policy. Relying in part on *Garvey, supra,* 48 Cal.3d 395, in which the Supreme Court held that the efficient proximate cause doctrine applied despite policy language that purported to exclude coverage if the excluded event played any part in the loss (*id.* at pp. 412–413), the appellate court held that "the exclusionary provisions contained in the contracts at issue are not enforceable to the extent they purport to limit the insurers' liability beyond what is permitted by section 530 and its interpreting cases." (*Howell, supra,* at p. 1456.) It thus reversed summary judgment in favor of the insurer, finding there was a triable issue of fact regarding whether the fire was the efficient proximate cause of the loss. (*Id.* at p. 1459.)

The Supreme Court in *Julian* described *Howell, supra,* 218 Cal.App.3d 1446, and *Garvey, supra,* 48 Cal.3d 395, as holding that "section 530 and the efficient proximate cause doctrine announce a rule that reasonable insureds consider themselves insured against losses proximately caused by perils covered under a first party insurance policy, regardless of contrary language employed in connection with excluded perils." (*Julian, supra,* 35 Cal.4th at p. 756.) Nevertheless, the court noted that in both cases the courts enforced these overbroad exclusions to the extent that a peril specifically identified in the exclusion was the efficient proximate cause of the insured's loss. (*Ibid.*) In doing so, the court noted, those courts "brought about 'a fair result within the reasonable expectations of both the insured and the insurer' [citation] consistent with our statutory mandate to interpret contracts in such a manner as will make them 'lawful, operative, definite, reasonable, and capable of being

---

[3] Courts in most other states have held that insurers may contract out of the efficient proximate cause doctrine. (See Passa, *Insurance Law—Property Insurance: Adopting the Efficient Proximate Cause Doctrine, But Saying No to Contracting Out of It* (2003) 79 N.D. L.Rev. 561, 572.)

carried into effect, if it can be done without violating the intention of the parties' [citation] and to 'give effect to every part' of a contract [citations]." (*Id.* at pp. 756–757.)

In *Julian, supra*, 35 Cal.4th 747, the Supreme Court addressed the applicability of the efficient proximate cause doctrine to a policy that excluded losses caused by weather conditions that combined with another specified exclusion to cause the loss. The policy had an exclusion clause for certain perils similar to the one in *Howell, supra*, 218 Cal.App.3d 1446, in that it stated that it did not insure against loss " 'caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.' " (*Julian, supra*, 35 Cal.4th at p. 751.) Two of the perils listed under that clause were earth movement and water damage. In addition, the policy listed in a different paragraph certain other risks that were excluded, including weather conditions. The policy stated, however, that the weather conditions exclusion "only applies if weather conditions contribute in any way with a cause or event excluded in paragraph 1. above [i.e., the paragraph excluding earth movement and water damage] to produce the loss." (*Id.* at p. 752.)

The insureds in *Julian, supra*, 35 Cal.4th 747, suffered a loss when heavy rains induced a landslide that caused a tree to crash into their house. They contended that section 530 and the efficient proximate cause doctrine prohibited the insurer from invoking the weather conditions exclusion to deny their claim. The Supreme Court rejected their contention. (35 Cal.4th at p. 751.) The court explained: " '[A]n insurance company can limit the coverage of a policy issued by it as long as such limitation conforms to the law and is not contrary to public policy.' [Citation.] 'An insurance policy may exclude coverage for particular injuries or damages in certain specified circumstances while providing coverage in other circumstances.' [Citation.] It follows that an insurer is not absolutely prohibited from drafting and enforcing policy provisions that provide or leave intact coverage for some, but not all, manifestations of a particular peril. This is, in fact, an everyday practice that normally raises no questions regarding section 530 or the efficient proximate cause doctrine." (*Id.* at p. 759.)

The Supreme Court recognized that sometimes "the limitations of our language require an insurer to describe a specific peril in terms of a relationship between two otherwise distinct perils (e.g., rain and landslide) in order to plainly and precisely communicate an excluded risk. In such a case, the fact that a policy provides coverage for some, but not all, manifestations

of each constituent peril does not necessarily render the clause naming and excluding the 'combined' peril invalid pursuant to section 530 and the efficient proximate cause doctrine." (*Julian, supra,* 35 Cal.4th at p. 759.) The court examined the language of the weather conditions clause to determine whether it was such that a reasonable insured would understand the clause to exclude the specific peril of rain inducing a landslide. The court found that it was: "The weather conditions clause purports to exclude coverage for a loss caused by weather conditions that 'contribute[d] in any way with' earth movement, including a landslide. Particularly given the direct and well-known relationship between rain and landslide, a reasonable insured would understand that the words 'contribute in any way with' connote an intention to exclude rain that induces a landslide. . . . Applying the exclusion to the facts of this case, therefore, brings about 'a fair result within the reasonable expectations of both the insured and the insurer.' " (*Id.* at p. 761, fn. omitted.) Thus, the court held that the weather conditions clause did not violate section 530 or the efficient proximate clause doctrine. (35 Cal.4th at p. 761.)

## B. *The Policy in this Case*

With these cases in mind, we turn now to the policy at issue in the case before us. The policy was a "Protector Plus" policy with various endorsements, including Endorsement H6114, 2nd edition (H6114), which amended the definitions, specified perils, and exclusions related to water damage and mold.

As noted above, the dwelling was insured on an "all-risk" basis, and the personal property was insured on a "specified peril" basis. One of the specified perils listed under "SECTION I—LOSSES INSURED, Coverage C—Personal Property" as amended by H6114, reads as follows: "13. Sudden and accidental discharge or overflow of water from within a plumbing, heating or air conditioning system, or from within a household appliance. [¶] This peril does not include loss: [¶] a. to the system or appliance from which the water escaped; [¶] b. caused by or resulting from freezing; [¶] c. to personal property on the residence premises when the sudden and accidental discharge or overflow occurs away from the residence premises; [¶] d. caused by sudden and accidental discharge or overflow from roof gutters, downspouts, sump-pumps, sump-pump wells, leach fields, seepage pits, septic tanks, drainage channels or any other device used to drain water away from the residence premises."[4]

---

[4] Before it was amended by H6114, the first sentence of this specified peril read: "Sudden and accidental discharge or overflow of water or steam from within a plumbing, heating or air conditioning system, or from within a household appliance, but not for deterioration, rust, mold, wet or dry rot due to the presence of water over a period of time."

The policy also includes an exclusion for water damage. Water damage is a defined term and, as amended by H6114, it includes "water which seeps, leaks, drips, escapes or is released out of any plumbing, heating or air conditioning system, or from within a household appliance, *other than a sudden and accidental release of water*." (Italics added.) The water damage exclusion, as amended by H6114, states as follows: "2. Water damage. [¶] Acts or omissions of persons can cause, contribute to or aggravate water damage. Also water damage can occur naturally to cause loss or combine with acts or omissions of persons to cause loss. Whenever water damage occurs, the resulting loss is always excluded under this policy, however caused; except we do cover: . . . [¶] 2. Loss or damage to the interior of any dwelling or separate structures, or to personal property inside the dwelling or separate structures caused by water damage resulting from a peril described under SECTION I—LOSSES INSURED—Coverage C—Personal Property. . . . [¶] We never, under any circumstances, cover rust, mold, fungus, or wet or dry rot, even if resulting from exceptions 1, 2, or 3 above."

H6114 also added a separate exclusion for rust, mold, fungus, or wet or dry rot: "14. Rust, mold, fungus, or wet or dry rot. [¶] Acts or omissions of persons can cause, contribute to or aggravate rust, mold, fungus, or wet or dry rot. Also, rust, mold, fungus, or wet or dry rot can occur naturally to cause a loss or combine with acts or omissions of persons to cause loss. Whenever rust, mold, fungus, or wet or dry rot occurs, the rust, mold, fungus, wet or dry rot and any resulting loss is always excluded under this policy, however caused."

## C.  *Application of the Efficient Proximate Cause Doctrine in This Case*

Farmers argues the efficient proximate cause doctrine does not apply in this case for three reasons. First, it contends that, under *Julian, supra*, 35 Cal.4th 747, insurers are free to exclude certain types of losses or damages, "however caused," regardless of the efficient proximate cause doctrine. Farmers overstates the holding of *Julian*. In fact, the majority in *Julian* expressed concern that application of such broad language in an exclusion might render illusory provisions that purport to cover other perils. Thus, the court explicitly limited its discussion to the application of the exclusion at issue to the loss caused by the specific peril alleged in the case before it. (*Id.* at p. 760.) We will do the same.

Second, Farmers contends the efficient proximate cause doctrine has no application in this case because De Bruyn did not allege two distinct perils

that occurred independently and combined to cause the alleged damage. Farmers is correct that the efficient proximate cause doctrine applies only when there are two or more distinct perils that cause a loss. (See, e.g., *Finn v. Continental Ins. Co.* (1990) 218 Cal.App.3d 69, 72 [267 Cal.Rptr. 22].) In other words, the perils must be such that "they *could* each, *under some circumstances*, have occurred independently of the other and caused damage." (*Ibid.,* italics added.) But it is not necessary that those two or more perils did in fact occur independently to cause the loss for which coverage is sought. Indeed, the Supreme Court explained in *Garvey* that section 530 and the efficient proximate cause doctrine applies "whenever there exists a *causal or dependent relationship* between covered and excluded perils." (*Garvey, supra,* 48 Cal.3d at p. 404, italics added.)

De Bruyn contends there are two distinct perils alleged in this case—sudden discharge of water and mold—because each can occur without the other. He is correct. Not all sudden discharges of water result in mold, and mold can occur in the absence of a sudden water discharge. (See, e.g., Institute of Medicine of the National Academies Board on Health Promotion and Disease Prevention, Damp Indoor Spaces and Health (2004) <http://www.nap.edu/books/0309091934/html> [as of Jan. 14, 2008].) He also contends that, contrary to Farmers's argument, the allegations of his complaint do not preclude a finding that the mold was a peril rather than the loss itself. Once again, he is correct. The complaint does not, as Farmers asserts, allege that "mold, the peril, cause[d] mold, the damage." Rather, the complaint alleges that mold, the peril, caused various losses. For example, De Bruyn alleges that the appraisal umpire, at Farmers's insistence, segregated the damages due to mold from the damages due to water. The damages due to mold included more than $66,000 in "Building Costs" for the "Kitchen Loss" and the "Bathroom Loss." In short, it is clear from the complaint that the "damage" at issue is not the mold itself but the cost to rebuild structures destroyed by mold.

Unlike Farmers's first two arguments in support of its contention that the efficient proximate cause doctrine does not apply, Farmers's third argument has merit. Farmers argues the doctrine does not apply because it is permitted to limit coverage for some, but not all, manifestations of water damage, and the policy expressly provides there is no coverage for losses caused by mold resulting from a sudden and accidental discharge of water. We agree.

■ The Supreme Court held in *Julian* that an insurer may limit coverage to some, but not all, manifestations of a given peril, as long as "[a] reasonable insured would readily understand from the policy language which perils are covered and which are not." (*Julian, supra,* 35 Cal.4th at p. 759.) In the policy at issue here, the exclusion for water damage, as amended by H6114,

expressly states that although it generally excludes losses resulting from water damage, it does cover losses caused by water damage resulting from a sudden and accidental discharge of water, but it "never, under any circumstances, cover[s] . . . mold, . . . *even if resulting from*" that specific peril.

De Bruyn argues that this provision is not relevant to his claim because he does not rely upon the "sudden and accidental discharge of water" exception to the "water damage" exclusion for coverage of his loss. As he explains, "water damage" is a defined term in the policy and, as amended by H6114, it does not include damage caused by a sudden and accidental release of water. Thus, because the "water damage" exclusion by definition does not exclude damage caused by a sudden and accidental discharge of water, that damage necessarily is covered under the "all-risk" policy without the need of any exception to the exclusion. Therefore, he contends the efficient proximate cause doctrine must be applied.[5]

■ De Bruyn is correct that the exception to the water damage exclusion for sudden and accidental release of water technically is unnecessary. But that does not mean that the provision is irrelevant or that Farmers cannot rely on it. The purpose of the efficient proximate cause doctrine is, as the Supreme Court repeatedly has expressed, to bring about "a fair result within the reasonable expectations of both the insured and the insurer." (*Garvey, supra*, 48 Cal.3d at p. 404; accord, *Julian, supra*, 35 Cal.4th at pp. 754, 756, 761.) It is not intended to be used in a game of "gotcha." The question we must ask is whether the policy "plainly and precisely communicate[s] an excluded risk" to a reasonable insured. (*Julian, supra*, 35 Cal.4th at p. 759.) We find that it does.

By specifying in the water damage exclusion that even though water damage caused by a sudden and accidental release of water is covered, mold resulting from that damage is not, the policy makes clear that mold damage caused by a sudden and accidental release of water is an excluded peril. Like the Supreme Court in *Julian, supra*, 35 Cal.4th 747, which held that a weather conditions clause that excluded the peril of rain inducing a landslide did not violate section 530 or the efficient proximate cause doctrine (35 Cal.4th at p. 761), we hold that the water damages exclusion in this case—which excludes the peril of mold resulting from a sudden release of water—similarly does not violate section 530 or the efficient proximate cause doctrine.

---

[5] De Bruyn alleges in his complaint that Farmers paid all of the damages to his personal property, including damages resulting from mold. Thus, there is no issue presented as to the applicability of the water damages exception to the "specified-peril" coverage for his personal property.

## DISPOSITION

The order to show cause is discharged, and the petition for writ of mandate is denied. Farmers shall recover its costs.

Epstein, P. J., and Manella, J., concurred.

Petitioner's petition for review by the Supreme Court was denied April 16, 2008, S161000. George, C. J., did not participate therein.