[No. B202617. Second Dist., Div. One. May 5, 2009.]

BERNARD FREEDMAN et al., Plaintiffs and Appellants, v.
STATE FARM INSURANCE COMPANY, Defendant and Respondent.

## COUNSEL

Evan D. Marshall for Plaintiffs and Appellants.

Robie & Matthai, James R. Robie, Kyle Kveton; Chapman, Popik & White and Susan M. Popik for Defendant and Respondent.

## OPINION

**ROTHSCHILD, J.**—A contractor remodeling a bathroom in Bernard and Gail Freedman's home drove a nail through a pipe while hanging new drywall. The nail in the pipe apparently caused no leak at the time and went unnoticed until years later, when corrosion around the nail caused a leak and extensive water damage. The Freedmans' insurer, State Farm Insurance Company, denied their claim. The Freedmans filed suit, and the parties filed cross-motions for summary judgment on the basis of jointly stipulated facts. The superior court granted State Farm's motion, denied the Freedmans', and entered judgment for the defense.

The Freedmans timely appealed, arguing that the contractor's negligence is the efficient proximate cause of their loss and that it is a covered peril, so the loss is covered. We conclude, however, that the Freedmans' argument is based on a form of analysis that has been superseded by the Supreme Court's decision in *Julian v. Hartford Underwriters Ins. Co.* (2005) 35 Cal.4th 747 [27 Cal.Rptr.3d 648, 110 P.3d 903] *(Julian)*. We therefore affirm.

### BACKGROUND

The parties submitted their cross-motions for summary judgment on the basis of the following stipulated facts. The Freedmans own a home insured under a homeowner's policy issued by State Farm. The policy provides "all-risk" coverage for the Freedmans' dwelling (Section I, Coverage A) and "specified-peril" coverage for their personal property (Section I, Coverage B).[1] The policy states: "We insure for accidental direct physical loss to the property described in Coverage A, except as provided in **SECTION I—LOSSES NOT INSURED**."

Paragraph 2 of Section I—Losses Not Insured provides: "We do not insure for any loss to the property described in Coverage A which is caused by one

---

[1] In an "all-risk" policy, the policy covers all risks except those specifically excepted or excluded, whereas in a "specified-peril" policy, only those risks specifically named are covered. *(Garvey v. State Farm Fire & Casualty Co.* (1989) 48 Cal.3d 395, 406 [257 Cal.Rptr. 292, 770 P.2d 704].)

or more of the items below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these: [¶] . . . [¶] g. wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown; [¶] h. corrosion, electrolysis or rust . . . ."

Paragraph 4 of Section I—Losses Not Insured provides: "We do not insure under any coverage for any loss which is caused by one or more of the items below, regardless of whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these: [¶] . . . [¶] c. **Water Damage**, meaning: [¶] . . . [¶] (4) continuous or repeated seepage or leakage of water or steam from a: [¶] . . . [¶] (c) plumbing system . . . ."

Paragraph 5 of Section I—Losses Not Insured provides: "We do not insure for loss described in paragraphs 2., 3. and 4. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss: [¶] a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault; [¶] b. defect, weakness, inadequacy, fault or unsoundness in: [¶] . . . [¶] (2) design, specifications, workmanship, construction, grading, compaction; [¶] . . . [¶] of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises** . . . ." We will refer to these provisions in paragraph 5 as the "third party negligence" provisions of the Freedmans' policy.

In or about 2000, the Freedmans' home was repiped, and an upstairs bathroom was remodeled, including the replacement of drywall to cover the new piping. On or about August 12, 2005, "extensive water leakage was discovered in the upstairs bathroom wall. One wall was discolored and wet. The drywall fell apart on touch and mold was seen on pieces of the wall. The tile floor was wet and the ceiling immediately downstairs was wet and soft." When the drywall was removed, it was discovered that a nail that had been used to hang the drywall had penetrated entirely through a pipe. "The pipe was corroded around the points of entry of the nail, and water was release[d] through that area of corrosion." A damage restoration company discovered mold both upstairs and downstairs. On or about August 15, 2005, the Freedmans submitted a claim to State Farm. State Farm conducted an inspection and, on or about August 25, 2005, denied the claim.

The Freedmans filed suit against State Farm, alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence. State Farm answered, and the parties filed cross-motions for summary judgment based on jointly stipulated facts.

The identity of the efficient proximate cause of the Freedmans' loss was not one of the stipulated facts. Rather, State Farm contended that the identity of the efficient proximate cause of the loss did not matter, because each of the possible efficient proximate causes was an excluded peril—corrosion and seepage or leakage of water were excluded, and third party negligence was excluded whenever it interacted with an excluded peril (such as corrosion or seepage or leakage of water). The Freedmans contended, to the contrary, that the contractor's negligence in driving the nail through the pipe was a covered peril and was the efficient proximate cause of their loss.

The trial court granted State Farm's motion and denied the Freedmans', reasoning that under the stipulated facts "what [p]laintiff contends was the efficient proximate cause of the loss sued upon herein was, under the relevant State Farm policy, excluded as a [l]oss [n]ot [i]nsured." The court further concluded that "none of the resulting damage, such as the mold, would be covered . . . under the terms of the State Farm policy."

## STANDARD OF REVIEW

We review the trial court's ruling on a motion for summary judgment de novo. (*Buss v. Superior Court* (1997) 16 Cal.4th 35, 60 [65 Cal.Rptr.2d 366, 939 P.2d 766].)

## DISCUSSION

### I. The Third Party Negligence Provisions

Under the efficient proximate cause doctrine, "[w]hen a loss is caused by a combination of a covered and specifically excluded risks, the loss is covered if the covered risk was the efficient proximate cause of the loss," but "the loss is not covered if the covered risk was only a remote cause of the loss, or the excluded risk was the efficient proximate, or predominate cause." (*State Farm Fire & Casualty Co. v. Von Der Lieth* (1991) 54 Cal.3d 1123, 1131–1132 [2 Cal.Rptr.2d 183, 820 P.2d 285].) The efficient proximate cause of a loss is the "predominant" or "most important" cause of the loss. (*Julian, supra*, 35 Cal.4th at p. 754.)

The Freedmans contend, as they did in the trial court, that third party negligence (i.e., the negligence of the contractor in driving the nail through the pipe) is the efficient proximate cause of their loss and is a covered peril under their policy's all-risk coverage of their dwelling. On that basis, they conclude that the loss must be covered. We disagree, because that form of coverage analysis has been superseded by *Julian*.

In *Julian*, the plaintiffs had an all-risk homeowner's policy that both excluded the peril of earth movement and excluded the peril of weather conditions whenever weather conditions interacted with an excluded peril to cause the loss. (*Julian, supra,* 35 Cal.4th at pp. 751–752.) More precisely, the policy contained the following provisions under the heading "Section I—Exclusions": " '1. We do not insure against loss caused directly or indirectly by any of the following. . . . [¶] b. **Earth Movement**, . . . including . . . landslide . . . . [¶] . . . [¶] 2. We do not insure against loss to property . . . caused by any of the following. . . . [¶] a. **Weather conditions**. However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph 1. above to produce the loss . . . .' " (*Id.* at pp. 751–752.)

Heavy rains caused a landslide that damaged the Julians' home. (*Julian, supra,* 35 Cal.4th at p. 751.) The insurer denied coverage "for all but a minor part of the damage," relying on the exclusions for earth movement and for "weather conditions that 'contribute in any way with' another excluded cause or event, in this case a landslide, to produce a loss." (*Id.* at p. 752.) The Julians sued the insurer, and the trial court granted the insurer's motion for summary judgment, concluding that "the policy excluded each of the possible efficient proximate causes of the loss . . . ." (*Id.* at pp. 752, 753.)

■ The Supreme Court affirmed. (*Julian, supra,* 35 Cal.4th at pp. 759–761.) The court reasoned that (1) "an insurer is not absolutely prohibited from drafting and enforcing policy provisions that provide or leave intact coverage for some, but not all, manifestations of a particular peril," and (2) a manifestation of a particular peril can be defined "in terms of a relationship between two otherwise distinct perils (e.g., rain and landslide)." (*Id.* at p. 759.) Although the court rejected the insurer's argument that exclusions of such combined perils are always enforceable "regardless of how they *mingle or concatenate distinct risks*," the court concluded that the exclusion of weather conditions that interact with an excluded peril was enforceable as applied to "a loss occasioned by a rain-induced landslide." (*Id.* at p. 760.) Thus, because "[t]he Julians offered no evidence that weather conditions had caused their loss in any way apart from rain's role in triggering the landslide . . ." (and because every other possible efficient proximate cause of the loss was also excluded), the Julians' loss was not covered. (*Id.* at pp. 753, 761.)

■ *Julian* applies straightforwardly here. The third party negligence provisions of the Freedmans' policy exclude third parties' negligent conduct and defective workmanship whenever they interact with an excluded peril, just as the Julians' policy excluded weather conditions whenever they interacted with an excluded peril. Corrosion and continuous or repeated

seepage or leakage of water are excluded perils under the Freedmans' policy, just as earth movement was excluded under the Julians' policy. Thus, the Freedmans' policy excludes contractor-negligence-induced corrosion and contractor-negligence-induced continuous or repeated seepage or leakage of water, just as the Julians' policy excluded a rain-induced landslide. The Freedmans have introduced no evidence that contractor negligence caused their loss in any way apart from the nail's role in triggering corrosion and a water leak, just as the Julians introduced no evidence that weather conditions caused their loss in any way apart from rain's role in triggering a landslide. Accordingly, the Freedmans' loss is not covered, just as the Julians' loss was not covered.

The Freedmans attempt to distinguish *Julian* on the ground that the third party negligence provisions of their policy are insufficiently clear, and they rely in part on *De Bruyn v. Superior Court* (2008) 158 Cal.App.4th 1213 [70 Cal.Rptr.3d 652], which stated that exclusions of some but not all manifestations of a peril are enforceable under *Julian* "as long as '[a] reasonable insured would readily understand from the policy language which perils are covered and which are not.' " (*De Bruyn v. Superior Court, supra,* 158 Cal.App.4th at p. 1223, quoting *Julian, supra,* 35 Cal.4th at p. 759.) We reject the Freedmans' argument because the third party negligence provisions in their policy clearly exclude the perils of contractor-negligence-induced corrosion and contractor-negligence-induced water leaks. Consequently, the Freedmans' attempt to distinguish *Julian* (and *De Bruyn v. Superior Court*) fails.

For all of the foregoing reasons, we conclude that the third party negligence provisions of the Freedmans' policy are enforceable. Because the Freedmans have introduced no evidence that contractor negligence caused their loss in any way apart from the nail's role in triggering corrosion and a water leak, the trial court properly concluded that the policy provides no coverage for the third party negligence at issue in this case.

## II. The Exclusion for Continuous or Repeated Seepage or Leakage of Water

The Freedmans argue on three grounds that State Farm cannot deny coverage on the basis of the exclusion for continuous or repeated seepage or leakage of water. We find none of the arguments persuasive.

First, the Freedmans contend that the exclusion is "ambiguous" because it does not say how long a leak must last in order to be "continuous" or how many times the leak must stop and start in order to be "repeated." The argument fails because it does not purport to show that the application of the

exclusion to the stipulated facts of this case is in any way unclear. The parties stipulated that the water that damaged the Freedmans' home leaked "through [the] area of corrosion" around the nail through the pipe. Given the small size of the hole(s) through which the water leaked, and given the extensive amount of water damage ("One wall was discolored and wet. The drywall fell apart on touch and mold was seen on pieces of the wall. The tile floor was wet and the ceiling immediately downstairs was wet and soft."), the leak must have lasted a sufficiently long time, or stopped and started sufficiently many times, to count as "continuous" or "repeated" under any reasonable construction of those terms. The Freedmans do not argue to the contrary.

Second, the Freedmans argue that the exclusion applies only to "normal deterioration of the plumbing system," not to leaks "caused by some force other than deterioration." We disagree because the policy language is inconsistent with the Freedmans' interpretation. The policy excludes "coverage for any loss which is caused by [continuous or repeated seepage or leakage of water from a plumbing system], regardless of whether the event occurs suddenly or gradually, involves isolated or widespread damage, [or] *arises from natural or external forces.*" (Italics added.) The policy thus expressly provides that leaks are excluded regardless of whether they are caused by natural forces such as normal deterioration or external forces such as a nail driven through a pipe.

Third, the Freedmans argue that application of the exclusion here would violate the efficient proximate cause doctrine, because contractor negligence is a covered peril and was the efficient proximate cause of their loss. We have already discussed and rejected that argument in part I., *ante.*

## III.   The Mold Coverage

The Freedmans argue that because their policy includes an endorsement relating to mold, the damage caused by mold is covered. We disagree.

The mold endorsement provides limited coverage for losses caused by "fungus," which is defined to include "any type or form of fungi, including mold or mildew." Within the specified limitations, such losses to the Freedmans' dwelling are covered if they were "caused by or directly result[ed] from" either a specified peril under the personal property coverage or a peril not otherwise excluded.

Under the stipulated facts, the mold damage to the Freedmans' dwelling was caused by the water leak, which was caused by corrosion, which was caused by the nail through the pipe. As we have explained in parts I. and II.,

*ante*, contractor-negligence-induced corrosion and contractor-negligence-induced continuous or repeated seepage or leakage of water are excluded perils. The Freedmans do not identify any specified peril (under their personal property coverage) that caused the mold, and our own review of the personal property coverage has revealed none.

Because the mold damage to the Freedmans' dwelling was not caused by either a specified peril under their personal property coverage or a peril not otherwise excluded, it is not covered under the mold endorsement.

## DISPOSITION

The judgment is affirmed. Respondent shall recover its costs of appeal.

Mallano, P. J., and Weisberg, J.,* concurred.

Appellants' petition for review by the Supreme Court was denied July 29, 2009, S173829. Corrigan, J., did not participate therein.

---

*Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.