**NOT FOR PUBLICATION**

FILED

MAY 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PALMDALE ESTATES, INC., | No.    21-15258 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-06158-LB |
| v. | |
| BLACKBOARD INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted April 13, 2022**
San Francisco, California

Before:  BYBEE and R. NELSON, Circuit Judges, and RAKOFF,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Palmdale filed suit against Blackboard Insurance Company in July 2020 for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing. Palmdale alleged that "a flawed public health response and government negligence allowed COVID-19 to spread, causing its venue to become dangerous, unsafe, and unusable and requiring it to suspend its business operations." After removing the case to the district court, Blackboard moved to dismiss. Blackboard argued that Palmdale's lawsuit concerns only "losses [that] were directly caused by shutdown orders—not the abstract statistical possibility that someone with COVID-19 may have been 'present' on some prior date." Blackboard also argued that the virus exclusion precluded coverage.

The district court granted Blackboard's motion and permitted Palmdale leave to amend. It explained "that direct physical loss does not cover lost business income or expenses resulting from closure orders like those here." Thus, Palmdale had failed to satisfy the coverage trigger under the policy. And in the alternative, coverage did not exist "because the policy excludes coverage for virus-related losses." Palmdale elected not to amend its complaint and requested that judgment be entered. The district court entered judgment in Blackboard's favor, dismissing the claim. Palmdale appeals that judgment.

We review the district court's decision to grant a motion to dismiss under Rule 12(b)(6) *de novo*. *Fayer v. Vaughn*, 649 F.3d 1061, 1063–64 (9th Cir. 2011) (per curiam). We may affirm the district court's dismissal of the complaint on any basis supported by the record. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

On appeal, Palmdale contends that the COVID-19 virus is not the proximate cause of its losses and thus the virus exclusion does not apply. It relies on California's efficient proximate cause test to reach this conclusion. That test looks to the predominant or most important cause of the loss, "when there are two or more distinct perils that cause a loss." *De Bruyn v. Super. Ct.*, 70 Cal. Rptr. 3d 652, 659 (Cal. Ct. App. 2008); *see Julian v. Hartford Underwriters Ins. Co.*, 110 P.3d 903, 907 (Cal. 2005). Palmdale's argument is neither novel nor availing.

We have rejected similar arguments in two recent cases. First, the plaintiffs in *Mudpie* made a similar argument—the government shutdown orders, not the virusv caused the loss. *Mudpie*, *Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885 (9th Cir. 2021). Applying California's efficient proximate cause test, we wrote that "Mudpie does not plausibly allege that the efficient cause, i.e., the one that set others in motion, was anything other than the spread of the virus

throughout California, or that the virus was merely a remote cause of its losses." *Id.* at 894 (quotation marks and citation omitted).

Similarly, in a second case, the plaintiffs argued that their losses "were attributable to other causes not implicated by the virus, including . . . governmental responses to the pandemic." *Chattanooga Prof'l Baseball LLC v. Nat'l Cas. Co.*, No. 20-17422, 2022 WL 171936 at *2 (9th Cir. Jan. 19, 2022) (as amended). We once again rejected that argument, applying California's efficient proximate cause test. We wrote that "although the 'attendant disease, resulting pandemic, and governmental responses' might have affected the Teams' claimed losses, the Teams do not plausibly allege that any of these other causes, and not the spread of the COVID-19 virus, were the 'efficient proximate cause' that set others in motion and predominated." *Id.* at *3 (citations omitted). Indeed, it would be difficult to blame the government's response to the COVID-19 pandemic without implicating the virus itself—a fact that proved fatal to the plaintiffs case in *Chattanooga*. "The Teams have not plausibly alleged that the need for the government to act in the first place—*i.e.*, the context in which any alleged governmental inaction or action arose—was something other than the COVID-19 virus." *Id.*

Likewise, Palmdale cannot show that the government's response to the virus was the product of anything other than the virus. The virus exclusion, therefore, precludes coverage. We affirm the district court's decision.

**AFFIRMED.**