NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JENNIFER MOJICA; JULIO ARANDA, husband and wife,

Plaintiffs - Appellants,

v.

STATE FARM GENERAL INSURANCE COMPANY, an Illinois Corporation,

Defendant - Appellee.

No. 24-5597

D.C. No.
3:22-cv-01997-L-DDL

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted November 17, 2025
Pasadena, California

Before: WARDLAW, BERZON, and MILLER, Circuit Judges.

Jennifer Mojica and Julio Aranda appeal the grant of summary judgment in

favor of State Farm General Insurance Company on their claims for breach of

contract, breach of the implied covenant of good faith and fair dealing, and

punitive damages, as well as the denial of their motion under Federal Rule of Civil

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Procedure 56(d) and their motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's grant of summary judgment de novo and must "determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law." *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999). We review for abuse of discretion the district court's rulings on motions under Rule 56(d) and for reconsideration. *See Singh v. American Honda Fin. Corp.*, 925 F.3d 1053, 1076 (9th Cir. 2019); *FTC v. Garvey*, 383 F.3d 891, 896–97 (9th Cir. 2004). A federal court sitting in diversity applies state law—here, California law—to interpret an insurance policy. *Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1145 (9th Cir. 2008).

1. The district court did not err in granting summary judgment to State Farm. Viewing the evidence in the light most favorable to plaintiffs, a small hole, "[j]ust a little bit larger than . . . a pen tip" in size, developed in a pressurized hot water pipe. The resulting leak lasted for roughly 5.8 days and released enough water to saturate, and ruin, all the subflooring and flooring in plaintiffs' single-story home. Under Coverage A of plaintiffs' policy, loss to their dwelling was covered unless specifically excluded. Under Coverage B of plaintiffs' policy, loss to personal property was covered only if caused by a covered "peril[]," including an "[a]brupt

and accidental discharge or overflow of water." State Farm denied plaintiffs' claims under both Coverage A and Coverage B.

As to Coverage A, the district court correctly determined that the damage to the pipe was excluded, as a matter of law, by either Exclusion 1.f, which excludes damage caused by "wear, tear, . . . [or] deterioration," or Exclusion 1.g, which excludes damage caused by "corrosion, electrolysis, or rust." State Farm supported its motion for summary judgment with evidence that Kevin Morris, the plumber who replaced the damaged section of pipe, stated that the "pipe most likely failed due to wear, tear, deterioration and or corrosion." Until their motion for reconsideration, plaintiffs' only challenge to that evidence was that it was inadmissible hearsay in its then-current form. The district court correctly rejected that argument, as Morris could have testified to his statement at trial. *See Sandoval v. County of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021).

The district court also correctly determined that the water damage to plaintiffs' home was excluded from Coverage A, as a matter of law, by Exclusion 3.c.9. Exclusion 3.c.9 excludes damage "that is caused by . . . [w]ater, meaning . . . seepage or leakage of water . . . that occurs or develops over a period of time . . . and is . . . continuous . . . [and] from a . . . plumbing system." Given the multi-day duration of the leak, the small size of the hole, and the widespread nature of the damage, that exclusion applies.

The California Court of Appeal has rejected a similar attempt to avoid the application of an almost identical exclusion, reasoning that "[g]iven the small size of the hole(s) through which the water leaked, and given the extensive amount of water damage . . . , the leak must have lasted a sufficiently long time, or stopped and started sufficiently many times, to count as 'continuous' or 'repeated' under any reasonable construction of those terms." *Freedman v. State Farm Ins. Co.*, 93 Cal. Rptr. 3d 296, 302 (Ct. App. 2009). That rationale applies with equal force here. By contrast, plaintiffs' loss was not caused by the kind of "sudden discharge of water"—such as "[a] dishwater hose breaking in mid-cycle, a water heater giving out and flooding a room, or an overflowing toilet"—that California courts have suggested would cause damage not subject to the exclusion. *Brown v. Mid-Century Ins. Co.*, 156 Cal. Rptr. 3d 56, 65 (Ct. App. 2013).

For the same reason, the district court did not err in granting summary judgment on plaintiffs' personal-property claims under Coverage B. As a matter of law, plaintiffs cannot show that their losses were caused by an "[a]brupt and accidental discharge or overflow of water."

Because plaintiffs' losses were not covered by their policy, the district court correctly granted summary judgment on their claims for breach of the implied covenant of good faith and fair dealing and for punitive damages. *See Jordan v. Allstate Ins. Co.*, 56 Cal. Rptr. 3d 312, 324 (Ct. App. 2007).

2. The district court did not abuse its discretion in denying plaintiffs' Rule 56(d) motion. Plaintiffs sought to delay summary judgment to (1) depose State Farm's expert and (2) obtain documents from a third-party home inspector. The district court reasonably concluded that there was no need to wait for State Farm's expert to be deposed because summary judgment was warranted even without considering that expert's report. And it reasonably determined both that plaintiffs had ample time to subpoena the third-party documents before State Farm moved for summary judgment and that they did not explain why the documents were essential to their ability to oppose summary judgment. *See Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994).

3. The district court did not abuse its discretion in denying plaintiffs' motion for reconsideration. Reconsideration is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiffs' motion for reconsideration primarily restated their arguments about the admissibility of evidence and the proper interpretation of existing California law. Plaintiffs also pressed new interpretations of their expert's report, but their arguments were not based on new evidence, and

the district court reasonably denied reconsideration to address arguments contradicted by the report itself.

4. Plaintiffs' motion to supplement the appellate record with a deposition of State Farm's expert (Dkt. No. 28) is denied. "Save in unusual circumstances, we consider only the district court record on appeal." *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003). In any event, nothing in our decision relies on the opinions of State Farm's expert.

**AFFIRMED.**